State *v.* Adams Express Co.—172 Ind. 10.

## THE STATE OF INDIANA *v.* ADAMS EXPRESS COMPANY.

[No. 21,255. Filed March 9, 1909.]

1. PLEADING.— *Complaint.*— *Theory.*— *How Determined.*— A complaint must proceed, and be sufficient, upon some definite theory. such theory being determined from the general scope and tenor of the complaint. p. 15.

2. PLEADING.—*Complaint.*—*Statutory Right.*—A complaint based upon a statutory right must clearly show that the plaintiff has suffered a breach of such right. p. 15.

3. STATUTES.—*Construction.*—*Penalties.*—Persons cannot be subjected to statutory penalties by implication or construction. p. 15.

4. PLEADING.— *Complaint.*— *Express Companies.*— *Penalties.*— A complaint by the State against an express company for a failure to deliver a package, and demanding a penalty, is not based upon §3912 Burns 1908, Acts 1901, p. 97, providing that any express company failing to deliver a package in a city of more than 2,500 population shall be fined in any sum not to exceed $100 nor less than $10. pp. 16, 19.

5. PLEADING.—*Complaint.*—*Express Companies.*—*Penalties.*—A complaint by the State against an express company for its failure to deliver an express package to the consignee, and demanding a penalty therefor, is not based upon §3913 Burns 1908, Acts 1901, p. 149, §1, providing that all express companies shall treat all consignors, including other express companies, equally. p. 16.

6. CARRIERS.—*Express Companies.*—*Discriminations.*—*Penalties.*— Section 3916 Burns 1908, Acts 1901, p. 149, §4, gives to the State and to the injured consignor a right of action against an express company which discriminates against such consignor. p. 16.

7. PLEADING.— *Complaint.*— *Express Companies.*— *Failure to Deliver Package.*—A complaint by the State against an express company, alleging that such company failed to deliver a prepaid package to the consignee who lived within the city of Indianapolis—a city of more than 2,500 inhabitants—and more than one mile from Monument Place, but delivered such package to a delivery company which compelled the consignee to pay for such delivery, and demanding a penalty therefor, does not state any cause of action, under §54050 Burns 1905, Acts 1905, p. 83, §14, providing for penalties against unjust discrimination. pp. 17, 18.

8. CARRIERS. — *Express Companies.* — *Unjust Discriminations.*— *Question for the Jury.*—What is an unreasonable preference, or an unjust discrimination, is a question for the jury. p. 17.

From Superior Court of Marion County; *James M. Leathers,* Judge.

Action by The State of Indiana against the Adams Express Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James Bingham,* Attorney-General, *Elliott R. Hooten,* Prosecuting Attorney, *Walter Myers, John Ogden* and *Merrill Moores,* for the State.

*Baker & Daniels,* for appellee.

JORDAN, C. J.—The record in this appeal covers and pre sents the same questions as are involved in *State* v. *American Express Co.* (1909), *post,* 717, and *State* v. *United States Express Co.* (1909), *post,* 717, consequently the three cases will be considered together, and the decision herein will rule each of the latter appeals.

The complaint in the case now before us is in three paragraphs, each of which involves shipments by appellee commencing at a place in the State of Indiana and terminating in the city of Indianapolis, Indiana. The complaint in the case of *State* v. *American Express Co., supra,* contains nine paragraphs, and each involves an express shipment by appellee which originated at a point in the State of Indiana and terminated at the city of Indianapolis. Four paragraphs constitute the complaint in the case of *State* v. *United States Express Co., supra,* and each of these involves express shipments which originated in this State and terminated in the city of Indianapolis. These several actions were instituted in the name of the State, by the Attorney-General, to recover certain alleged penalties. A demurrer for insufficiency of facts to each paragraph of complaint in said actions was sustained by the lower court, and judgments were rendered upon demurrer. From these judgments the State appeals, and in each case assigns errors on the rulings of the court in sustaining the demurrers in question. The paragraphs of the several complaints are substantially the same, the only differ-

ence being in respect to the place of shipment, the date of shipment, the name and address of the consignee, and the amounts charged and paid. The amounts charged by the parcel delivery company vary from ten cents to $1. In some of the paragraphs the amount of recovery demanded varies. For instance, in the third paragraph of the Adams Express Company case the demand is for $2,000. In the American Express Company case the demand in the sixth paragraph is for $3,500, while in the ninth, it is for $5,000. In the case against the United States Express Company the demand in two of the paragraphs is for $2,500.

The following is the first paragraph of the complaint against the Adams Express Company: "The State of Indiana complains of the Adams Express Company and says: That defendant is a joint stock company, engaged in the express business, usually called an express company, and continuously since April 15, 1905, has been regularly engaged in the business of carrying and transporting gold and silver coin and paper currency, and also valuable papers, books, goods and merchandise, commonly known as express matter, for hire, over railroads and other thoroughfares within Indiana and to and from points in Indiana, and has been and now is engaged in business in Indiana as a common carrier of express matter for hire, and is an express company, and during such period has continuously maintained and now maintains offices in the city of Indianapolis for the transaction of such express business and for the receipt and delivery of express matter consigned over its lines, and has accepted and does now accept in Indianapolis express matter for shipment to other places, and in many other places throughout the State of Indiana has accepted and does accept express matter for transportation and delivery for hire to persons residing in Indianapolis; that the city of Indianapolis now is, and on June 1, 1900, was a city duly incorporated under the laws of the State of Indiana, which contained, by the

United States census of 1900, a population of more than 2,500 inhabitants. Plaintiff avers that continuously since April 15, 1905, defendant has delivered, free of any charge for delivery to all persons residing within one mile of Monument Place in said city of Indianapolis, all express matter consigned to such persons in Indianapolis from other points upon payment of its fixed charge for transportation from the place of consignment to the city of Indianapolis; that on December 1, 1906, Albert A. Hollingsworth, M. D., resided at No. 3916 East Washington street, in said city of Indianapolis, and more than one mile from Monument Place, in said city; that on said date last named defendant received from Mooresville, Indiana, a package of express matter to be transported to said Albert A. Hollingsworth, at the address given in Indianapolis, but, although the express charges were fully paid, defendant wholly failed and refused to deliver such package to said consignee; that defendant on said day delivered said package of express matter to another carrier, to wit, a parcel delivery company, which company last named, with the knowledge, consent and connivance of defendant, exacted and collected from said consignee a charge of seventy-five cents for making such delivery of such express matter, which was a charge not made or collected from any person residing within one mile of Monument Place, in said city, upon said day, all of which persons so residing within one mile of Monument Place, in Indianapolis, received from defendant all express matter delivered upon said day to them by defendant without charge for such delivery, whereby the defendant discriminated against said Albert A. Hollingsworth by denying to him the privilege, facility and advantage of free delivery of express matter which was by defendant accorded to other residents of the city of Indianapolis. Wherefore, plaintiff demands judgment for $500, and for all other proper relief.''

Counsel for the State assert that the purpose of each

of the three actions is to recover the penalties prescribed for the violation of the acts of the legislature relating to express companies (Acts 1901, p. 149, §§3913-3917 Burns 1908). In their insistence counsel for appellant say: "It is the contention of the State that the penalties sued for are recoverable under the act of 1901 [*supra*] and also under the railroad commission act of 1905 [Acts 1905, p. 83, §§5405a-5405y Burns 1905], but the State asks no more than one recovery for each unlawful act." It is asserted and re-asserted that the facts in the complaint "show unjust discrimination, either within the meaning of the express delivery act or the railroad commission act." It is said by its counsel that the State rests its right of action partly on the provisions of three statutes, the first of which is known as the express delivery act (Acts 1901, p. 97, §3912 Burns 1908), the second, sometimes denominated, the "Brooks act," enacted in 1901 (§§3913-3917, *supra*), and section fourteen of the railroad commission act of 1905 (§5405o, *supra*). Section 3912, *supra*, reads as follows: "That all express companies doing business within the State of Indiana shall deliver all express matter to all persons to whom the same is directed, living within the corporation limits of cities within the State having a population of 2,500 or more inhabitants, according to the last preceding United States census, and any express company failing to deliver such express matter shall be fined in a sum not to exceed $100 or less than $10, for each and every offense."

Section 3913, *supra*, is as follows: "That all copartnerships, associations of persons, individuals, joint-stock associations, corporations, or companies, usually called express companies, now engaged, or that may hereafter engage in the business of carrying or transporting money, merchandise or other articles, over, or upon any of the railroads operating in this State, and receiving or agreeing to receive compensation for such services, shall grant to each and all *consignors,*

*including other responsible express companies as consignors,*
equal terms, facilities, accommodations and usages, in the re-
ceipt, carriage, continuance of carriage, and delivery of
money and property usually carried by express companies,
and they are prohibited from granting to any one carrier,
class or combination of carriers, any terms, credit, privileges,
advantages, usages, accommodations or facilities in the re-
ceipt, transmission or delivery of express matter that they do
not grant to all others, and the granting of any credit, privi-
leges, terms, usages, facilities or advantages to any one per-
son, carrier, company or combination or class of companies,
carriers or persons, that are not granted to all other re-
sponsible carriers or persons shall be, and is hereby declared
unjust and unlawful discrimination.'' (Our italics.)

It is a well-settled rule that a complaint must proceed
upon some definite theory, and upon such theory the com-
plainant must succeed or fail. The theory of a plead-
1.  ing must be determined by the court from its *general
scope and tenor. Oölitic Stone Co.* v. *Ridge* (1908),
169 Ind. 639, and authorities cited.

If the State in this action has the right to recover the
penalties for which it sues, such right is altogether statutory,
and according to a well-established rule, in order to
2.  recover, it is required to bring its right of action
clearly within the statute awarding such right.
*Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658, and authori-
ties cited.

Another well-settled principle is that no one is to be sub-
jected to statutory penalties by implication or construction,
but only by the express provisions of such a statute.
3.  2 Lewis's Sutherland, Stat. Constr. (2d ed.), §521;
*Grooms* v. *Hannon* (1877), 59 Ala. 510; *People, ex
rel.,* v. *Peacock* (1881), 98 Ill. 172; *Cruthers* v. *State* (1903),
161 Ind. 139, 145.

This is a civil action, and the complaint certainly cannot

be said to be based upon §3912, *supra,* the express delivery statute, for the latter makes it a criminal offense, subject to a fine not exceeding $100, for an express company to fail to deliver express matter as therein provided.

Neither in reason can it be asserted that under the facts alleged the action is predicated upon the provisions of §3913, *supra,* for it will be observed that this section and the statute of which it forms a part relate only to express companies in their dealings with consignors, and was intended to prevent unjust discrimination against consignors and other responsible express companies as consignors engaged in the same business.

In *Adams Express Co.* v. *State* (1903), 161 Ind. 328, 342, §§3913-3917, *supra,* were involved. This court said: "The object of the act * * * was to prevent unfair or unjust discrimination by one express company or combination of express companies acting as common carriers in this State against any consignor or other responsible company engaged in the same business, and to secure to all consignors, including other responsible express companies, equal terms, facilities, accommodations, and usages in the receipt, carriage, continuance of carriage, and delivery of money and property usually carried by express companies. To this end the act prohibited the granting by such companies to any one carrier, class, or combination of carriers, any terms, credit, privileges, advantages, usages, accommodations, or facilities in the receipt, transmission, or delivery of express matter which they did not grant to all others." See, also, *American Express Co.* v. *Southern Ind. Express Co.* (1906), 167 Ind. 292.

Section four of said act (§3916, *supra*) provides that "any such carrier, corporation," etc., failing to comply with any of the provisions of the act, or violating any provision thereof, upon being convicted of any such failure or violation, in an action to be brought in the name of

the State by the prosecuting attorney of the county in which the offense occurs, shall forfeit and pay to the State $500 for each offense. This section also gives a right of action to any person who is injured by any violation thereof, and provides that such person may recover three-fold the amount of his actual damages.

While it is true that section twenty-one of the railroad commission act (§5405v Burns 1905) provides that it shall apply to express companies, etc., nevertheless there is 7. nothing therein, under the facts alleged, which can be said to sustain the complaint. The first part of section fourteen of said act (§5405o Burns 1905) deals with rebates and discriminating charges. There are, however, no facts alleged disclosing that appellee was guilty of unjust discrimination in this respect, for it is not averred that it demanded, collected or received an extra charge for the delivery of the express matter to the consignee mentioned in the pleading. Such extra charge, as shown, was exacted by another carrier, the parcel delivery company. There are no facts alleged from which it can be said that appellee violated clause (a) of §5405o, *supra*, or any other provision of that section. Said clause (a) declares that "it shall be an unjust discrimination for any such railroad company to make or give any undue or unreasonable preference or advantage to any particular person, firm, corporation or locality, in connection with the transportation of any shipment or shipments, or to subject any particular kind of traffic to any undue or unreasonable prejudice, delay or disadvantage," etc. The provisions of said clause (a) and those immediately preceding it, in respect to charges and demands, appear to have been copied substantially from sections two and three of the interstate commerce act. In regard to what is an undue or unreasonable preference or advantage to any 8. particular person or locality, under the provisions of clause (a), is said to be a question of fact depending

upon the facts alleged and proved in the particular case. *State, ex rel.,* v. *Adams Express Co.* (1908), 171 Ind. 138; *Texas, etc., R. Co.* v. *Interstate Commerce Com.* (1896), 162 U. S. 197, 16 Sup. Ct. 666, 40 L. Ed. 940; *Interstate Commerce Com.* v. *Chicago, etc., R. Co.* (1908), 209 U. S. 108, 28 Sup. Ct. 493, 52 L. Ed. 705; 17 Am. and Eng. Ency. Law (2d ed.), 143, 144, and authorities cited.

It will be observed that the complaint alleges that the city of Indianapolis is duly incorporated, and contains, as shown by the United States census of 1900, a population of more than 2,500. After expressly averring this fact, the pleading then proceeds to allege that appellee received the package of express matter therein mentioned to be transported to Hollingsworth at his address in Indianapolis, which, as shown, was at No. 3916 East Washington street in said city. The pleading then avers that the "defendant wholly failed and refused to deliver said package to such consignee," but delivered it to another carrier, etc. It is evident, we think, that the gravamen of the complaint is the failure of appellee to deliver, as required by §3912, *supra,* the express package to the consignee, to whom it was addressed, in the city of Indianapolis, a city containing a population of more than 2,500. This must be true if any particular theory under the facts alleged can be accorded to the pleading. Counsel for the State, in their brief, assert that the Adams Express Company, as shown by the facts, refused to make any deliveries beyond certain boundaries established by itself, within the limits of the city of Indianapolis; that the other two express companies made deliveries outside of such boundaries upon the payment of a charge of ten cents, etc., for local transportation, or, in other words, for a delivery beyond these limits "two companies hand the goods over to a parcel delivery company, which makes a charge for local transportation and the Adams Express Company refuses to deliver at all beyond the limits." If the failure of the express company to deliver, as charged, is the

theory or gravamen of the pleading, then the fact that the company may have turned the matter over to another carrier, which exacted a charge, certainly lends no force, for if the express company was bound to deliver to the consignee mentioned, as required by §3912, *supra,* its failure to deliver as alleged was an essential fact, and the averment that the company turned the express matter over to a local carrier which exacted charges, etc., is in no manner material upon the theory that the company failed to deliver the express matter as required by law.

As heretofore asserted, there certainly is no room for the State, in whole or in part, to base its right of action in this suit on §3912, *supra,* which makes it a public offense, 4. punishable by a fine, for express companies, in any city having the population therein prescribed, to fail to deliver express matter to any person to whom the same is addressed. The trouble which apparently confronts appellant's counsel is to point to any statute which, under the facts alleged, expressly awards the State a right of recovery against appellee for the penalties for which it sues, or any portion thereof.

It follows, for the reasons stated, that the complaint is insufficient. Therefore the lower court did not err in sustaining the demurrers in question.

Judgment affirmed.