## The Citizens Telephone Company v. The Fort Wayne and Springfield Railway Company.

[No. 7,734.   Filed December 18, 1912.   Rehearing denied April 2,
1913.]

1.  PLEADING.—Complaint.—Theory.—Sufficiency of Paragraphs.—
A complaint must proceed upon a definite theory and the aver-
ments must be sufficient to support that theory, and, if there is
more than one paragraph of complaint, each must be tested by

Citizens Tel. Co. *v.* Fort Wayne, etc., R. Co.—53 Ind. App. 230.

its own averments and cannot be aided by the averments appearing in another. p. 233.

2. ELECTRICITY.—*Conflicting Uses.—Damages.—Complaint.—Sufficiency.*—A complaint by a telephone company against an electric railway company for injury to plaintiff's line by the conduction or induction of electric current from defendant's trolley wires, merely charging that defendant negligently and carelessly built and operated its railroad close to and parallel with plaintiff's telephone line, and that defendant could have constructed said railroad and trolley wire upon a route more distant so as not to interfere with the operation of such telephone line, was insufficient both on the theory of negligence and on that of an action at common law for maintaining a nuisance. pp. 233, 235.

3. ELECTRICITY. — *Occupation of Highways.* — *Telephones.* — *Railroads.*—The rights of a telephone company and a railroad company in the occupancy of a highway are coördinate and equal and, while each, in the use of its respective rights, is wholly independent of the other, neither owes any duty to the other beyond that of not carelessly, negligently, or maliciously interfering with the rights of the other. p. 234.

4. ELECTRICITY.—*Conflicting Uses.—Complaint.—Presumptions.*—In an action by a telephone company against an electric railway company for injury to plaintiff's lines resulting from the conduction or induction of electric current from defendant's trolley wires, it will be presumed, in the absence of any averments in the complaint to the contrary, that in the construction of its road defendant was simply carrying out the authority given it by the general laws of the State, that the road was built in a proper manner, and that it was being operated by the most improved method known to modern science, and with the highest degree of care. p. 235.

5. ELECTRICITY.—*Conflicting Uses.—Liability.*—As a general rule, there is no liability resulting from conflicting uses of electricity, unless there has been negligence on the part of one of the conflicting users, but the rule is subject to the modification that a mere legislative grant must be exercised in strict conformity to private rights, and will not excuse one from liability where, without a just regard to the rights of others, he destroys and injures such rights to the extent of confiscation of property. p. 237.

6. APPEAL.—*Review.—Ruling on Demurrer.*—The ruling of the court in sustaining a demurrer to all the paragraphs of a complaint, when the demurrer filed only questioned the sufficiency of two of the paragraphs, constituted reversible error, although the two paragraphs to which such demurrer was addressed were insufficient. p. 238.

From Adams Circuit Court; *Charles E. Sturgis,* Judge.

Action by The Citizens Telephone Company against The Fort Wayne and Springfield Railway Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Amos P. Beatty* and *David E. Smith,* for appellant.
*John H. Koenig* and *Clark J. Lutz,* for appellee.

IBACH, C. J.—Appellant brought this action against appellee in the Adams Circuit Court to recover damages. The amended complaint in three paragraphs is lengthy, and we will not set it out in full. The first paragraph avers in substance, however, that appellant and appellee are corporations duly organized under the laws of the State of Indiana. That appellant had first constructed its telephone system in various towns and cities and through the highways connecting the city of Ft. Wayne with the city of Decatur, Indiana, and that afterwards appellee constructed its electric railway in close proximity to and parallel with appellant's telephone line and by reason of the strong electric current necessarily used by appellee to operate its cars, appellant's telephone wires and exchanges were greatly interfered with and its business interrupted; that this interference was caused by what is known as "conduction," that is, the currents of electricity employed by appellee were of such an intense character that they escaped through the ground and intercepted at some point or another the return currents of electricity used by the telephone company which were of less voltage, and to escape this influence it was required to run its wires a great distance away from appellee's wires. The second paragraph is quite similar to the first except that it is stated in this, that the interference to appellant's wires was caused by what is known as "induction", that is, the high voltage currents of electricity used by appellee placed in motion a sympathetic vibration in appellant's wires which were in close proximity to that of appellee, and by reason of the induction thus produced, appellant's wires were so influenced that they had to be moved a long distance away

from the place where first erected. The third paragraph contains averments similar to those of both the first and second, and further charges that because appellee had failed to make use of any devices of any kind to prevent such "conduction" and "induction," appellant's lines were made useless and they had to be moved to escape the effect occasioned by the presence of appellee's wires. It is further averred in each paragraph of complaint that appellant had obtained from the cities of Decatur and Ft. Wayne its franchise to erect and construct its poles and wires in the streets of such cities, also that appellee equipped its railroad with what is known as a single phase, alternating current, overhead trolley wire, or trolley system, and that the damages were occasioned without any fault on appellant's part. These averments are followed by the demand for $8,000 damages.

The record discloses that a demurrer was filed to the first and second paragraphs of the amended complaint and that the court sustained a demurrer to "each paragraph of the amended complaint." The separate errors assigned for reversal are (1) sustaining appellee's demurrer to the first paragraph of complaint, (2) sustaining appellee's demurrer to the second paragraph of complaint, (3) sustaining appellee's demurrer to the third paragraph of complaint, (4) rendering judgment against appellant on the demurrer.

1. A complaint must proceed upon some definite theory and the averments must be sufficient to support such theory and where there is more than one paragraph of complaint each paragraph must be tested by its own averments. One paragraph can not be aided by the averments appearing in another. *Daly* v. *Gubbins* (1905), 35 Ind. App. 86, 73 N. E. 833; *State* v. *Adams Express Co.* (1909), 172 Ind. 10, 87 N. E. 712. The theory of

2. the first paragraph of the amended complaint is for damages caused by "conduction" and the only averment charging negligence is that "the said defendant did

234    APPELLATE COURT OF INDIANA,

Citizens Tel. Co. v. Fort Wayne, etc., R. Co.—53 Ind. App. 230.

negligently and carelessly build, construct and operate said railroad close to and parallel with plaintiff's said toll line.'' No negligence is charged either in the manner of building or the method of operating the road. In the second paragraph the additional negligence charged is ''that defendant could have built and constructed its said railroad and trolley wire between said cities upon a different and more distant route from plaintiff's said toll line so that the operation of the same could not and would not interfere with the operation of plaintiff's said toll line and telephone system, etc.'' It will be observed that we here have a case where both appellant and appellee are making use of the streets of Decatur and Ft. Wayne and the highways connecting these cities by virtue of the rights granted them by their franchises and under the same statute law. §5796 Burns 1908, Acts 1903 p. 204; §5675 Burns 1908, Acts 1903 p. 92. The law also grants to an interurban railroad the right to use electricity as a motive power, §5675 Burns 1908, Acts 1903 p. 92. Section 5679 Burns 1908, Acts 1903 p. 92, bestows upon interurban railroad companies the right of eminent domain. It seems from the above sections that the evident purpose of the legislature was to enable both the contending companies here to do and accomplish that public service for which they were incorporated upon such streets and highways as they might each select, and upon which the opportunity to operate was given them by the proper authorities, but without giving to either any dominant or greater right than was granted to the other. Therefore we hold that the rights granted appellant and appellee to occupy the highways in question are coordinate, and in their respective use of the same, the one for telephone purposes, the other for electric railway purposes, they are wholly independent of each other, yet possessing equal rights, and no other or higher duty is imposed upon each than that in carrying out the various purposes of their organizations, the one does not carelessly, negligently or maliciously interfere with the

NOVEMBER TERM, 1912.     235

Citizens Tel. Co. *v.* Fort Wayne, etc., R. Co.—53 Ind. App. 230.

2. rights of the other. In the case of *Pennsylvania R. Co.* v. *Marchant* (1888), 119 Pa. St. 541, 13 Atl. 690, 4 Am. St. 659, the court said on page 559: "No principle of law is better settled than that a man has the right to the lawful use and enjoyment of his own property, and that if in the enjoyment of such right, without negligence or malice, an inconvenience or loss occurs to his neighbor, it is *damnum absque injuria.* This must be so, or every man would be at the mercy of his neighbor in the use and enjoyment of his own." In the case of *Cleveland, etc., R. Co.* v. *Wisehart* (1903), 161 Ind. 208, 215, 67 N. E. 993, a similar principle is involved. In that case the Supreme Court makes the following announcement: "There is an entire absence in the paragraph in question of any direct averments or statements of fact to show that the injury or grievance of which appellee complains was due either to the negligence or wilfulness of appellant, and for this reason, if no other, the pleading is insufficient." Therefore it cannot be said that the mere fact that appellee conducted its line of railroad with its high voltage system of electricity necessary to propel its cars, in close proximity to appellant's wires, on a public highway, when it might have been constructed elsewhere would of itself constitute an act of negligence on which appellant could base a cause of action. Neither would it state a cause of action at common law for maintaining a nuisance, for in such a case the complaint should state facts sufficient to show that the acts complained of constitute in law a nuisance. Such facts do not appear here. See *Nordhurst* v. *Fort Wayne, etc., Traction Co.* (1904), 163 Ind. 268, 71 N. E. 642, 66 L. R. A. 105, 106 Am. St. 222, 2 Ann. Cas. 967.

4. There is no averment that appellee exceeded in any manner the rights given it by direct statute, and since there are no averments to the contrary, the courts will presume that appellee in the building and operation of its railroad, was simply carrying out the authority given it by the general laws of this State. To hold otherwise

236    APPELLATE COURT OF INDIANA,

Citizens Tel. Co. *v.* Fort Wayne, etc., R. Co.—53 Ind. App. 230.

would in effect grant to appellant a full and complete monopoly over the streets and highways now in question. This we are in no sense permitted to do. These two paragraphs of complaint are entirely barren of any averments from which it could be said that there was any negligence either in the construction of appellee's railroad, or in the operation of the same; neither is it made to appear that the construction work was in any manner faulty, or that the various appliances used in operating the cars were in any respect faulty or improper; nor that it is possible or practicable for appellee by any known suitable equipment to avoid interference complained of, either from conduction or induction. In the absence of these averments we again have the right to assume that the road was built in a proper manner, and that it was at the time complained of, being operated by the most improved method known to modern science and with the highest degree of care. *Lake Shore, etc., R. Co.* v. *Chicago, etc., R. Co.* (1911), 48 Ind. App. 584, 92 N. E. 989, 95 N. E. 596.

Appellee has based its argument for the sufficiency of its complaint upon the case of *Cumberland Tel., etc., Co.* v. *United Electric R. Co.* (1893), 93 Tenn. 492, 29 S. W. 104, 27 L. R. A. 236. In Deiser, Law of Conflicting Uses of Electricity and Electrolysis 81, it is said of this case, "The principles involved may be summarized as follows: 1. The operation of a street railway in the street, with any incidental inconvenience or damage to objects in the street, is a legitimate use of the streets within the purpose of their original dedication, but. (a) This principle does not extend to property rights outside the street. 2. Telephone and other companies may not obstruct the operation of street railways. 3. Both telephone and railway companies must exercise their powers with a careful and prudent regard for the other's rights. 4. If the 'ordinary use' of a railway franchise be such as to injure the telephone franchise unnecessarily, the cost of any change necessitated must fall upon the street railway. 5. The railway company is not liable

for injuries to the lines of the telephone company on the same streets, due to induction, or conduction. 6. The railway company is liable for damages inflicted upon the telephone exchange located upon private property outside of the streets, by conduction. 7. If the telephone company can protect its lines by the adoption of the McCluer device, (a large copper wire attached at both ends to the out-going, [from its exchange] telephone wires), the cheapest effective remedy for injury by conduction, and capable of being applied alone by the telephone company, it is the right and duty of the telephone company to resort to the device, and it may recover the cost of installing it from the railway company.'' From the above summary it is apparent that the paragraphs of complaint under consideration do not state a cause of action under the doctrine of the case relied upon. It does not appear from their averments that the telephone franchise was injured *unnecessarily,* nor by direct averments that there was any damage inflicted upon property of the telephone company located *outside the streets,* by conduction. Under the doctrine of this case, a telephone company may not only recover damages caused to its property by the railroad company's negligent use of its franchise, but the case further lays down the rule, that the railroad company, in the absence of negligence, is liable for damage to property located outside the streets, as for a taking of property without compensation. However, the courts of this State

5.  have firmly laid down the rule that there is no liability in cases of this kind, except there has been negligence on the part of one of the conflicting users of electricity. *Lake Shore, etc., R. Co.* v. *Chicago, etc., R. Co., supra.* It must be remembered, however, that a careful examination of the recent cases involving questions akin to the ones here presented, shows the tendency of modern opinion to be against permitting unnecessary injury to be inflicted without regard for the rights of the injured party. These decisions, without exception, seem to be in favor of reconciling and

adjusting all conflicting rights, so that all parties interested may with the least interference possible, exercise the franchise granted to each. Deiser, Law of Conflicting Uses of Electricity and Electrolysis 76. And while the general rule seems to be as above stated, and as announced in *Panton* v. *Holland* (1819), 17 Johns. (N. Y.) *92, *99, 8 Am. Dec. 369, that "no man is answerable in damages for the reasonable exercise of a right, when it is accompanied by a cautious regard for the rights of others, when there is no just ground for the charge of negligence or unskilfulness, and when the act is not done maliciously" this principle is subject to many modifications, and a mere legislative grant must be exercised in strict conformity to private rights and will not excuse one from liability where without a just regard for the rights of others he destroys and injures such rights to the extent of confiscation of property. So we are convinced that such facts might be made to appear by proper averments, that a street railroad company, in the use of its high voltage currents of electricity in the operation of its cars, had so failed to confine and control such electric currents as to injuriously affect and perhaps destroy the property of a telephone company, and make the railroad company liable for the damages unnecessarily occasioned to the property of the telephone company, but no such facts appear in the pleading now under consideration, and the demurrers to the first and second paragraphs of complaint were properly sustained.

6. We have said that the complaint is in three paragraphs, but the demurrer filed questions only the sufficiency of the first two. The sufficiency of the third paragraph has never been tested by demurrer in the court below, and as each paragraph of complaint must stand or fall on its own averments, the trial court committed error by sustaining a demurrer to the third paragraph of complaint and rendering judgment thereon, and for this reason the judgment must be reversed.

Judgment reversed.

NOTE.—Reported in 100 N. E. 309. See, also, under (1) 31 Cyc. 116; (2) 15 Cyc. 477; 29 Cyc. 1262; (3) 15 Cyc. 469; (4) 15 Cyc. 477; (5) 15 Cyc. 470; (6) 31 Cyc. 348.