**22683.** GORMLEY, superintendent of banks, *v.* SLICER *et al.*

JENKINS, P. J. 1. Under the answers of the Supreme Court to questions certified to it by this court, this cause is essentially an action at law for damages based on tort, without any ground for equitable relief, and the action is one in which this court and not the Supreme Court has jurisdiction to determine the questions presented on the writ of error from orders and a judgment of the superior court, denying the motion of the plaintiff bank superintendent to recommit the case to the auditor after the filing of his report, holding that the case was one in equity and controlled by equitable procedure in passing upon the exceptions to the auditor's report, and therefore denying the plaintiff's motion to submit the exceptions of fact to a jury, approving the auditor's report, and finding for the plaintiff as to two of the defendants but against the plaintiff as to the other defendants, in accordance with the auditor's findings. *Gormley* v. *Slicer*, 178 *Ga.* 85 (172 S. E. 21).

2. In accordance with the answer of the Supreme Court to the additional 5th question propounded by this court, the superior court erred in denying the plaintiff's motion to recommit the cause to the auditor, for the one reason that, although it appears that a part of the report classified and stated findings and conclusions on the law and facts involved under distinct heads and separate paragraphs, it divided and separated them only according to the different groups and divisions of subject-matter, and combined in the same groups and paragraphs of such subject-matters, respectively, findings or conclusions of law with findings of fact, so as not to divide and separate into different divisions or paragraphs the findings of fact from the conclusions of law, and place each conclusion of law in a different paragraph from each finding of fact. This being a case at law, and the plaintiff being therefore entitled to have his exceptions of fact submitted to a jury, it is especially essential that such issues should be thus presented, in order for the jury to properly consider only the disputed matters of fact. *Gormley* v. *Slicer*, supra; Civil Code (1910), §§ 5133, 5139; *Southern Pine Co.* v. *Dickey*, 136 *Ga.* 662 (71 S. E. 1110); *Sattes-Weimer Lumber Co.* v. *Bowen*, 146 *Ga.* 156 (90 S. E. 861). *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 8, 1934.

*C. N. Davie, J. F. Kemp,* for plaintiff.

*Alston, Alston, Foster & Moise, Philip Weltner, John W. Crenshaw, F. A. Hooper, Paul S. Etheridge & Sons, Pearce Matthews,* for defendants.