23735. GEORGIA POWER COMPANY *et al. v.* PARKER.

SUTTON, J. The plaintiff operated a single-wire telephone system in certain South Georgia counties. The defendant power company constructed its electric-power lines along the public highways in said counties, on the opposite side of·said highways from plaintiff's telephone line. By reason of this, plaintiff's telephone service was rendered practically useless, the inductive interference being such that the human voice when talking over plaintiff's line would be drowned out by the high power

on the defendant's lines. Plaintiff filed a petition for injunction to prevent the erection of said power lines. The court denied the plaintiff a temporary injunction, but required that the defendant give bond to cover whatever damage it might do the plaintiff. The defendant gave the bond and constructed its power lines. The plaintiff filed an amendment to her petition, setting up that the defendant had damaged her by reason of the construction of said power lines, such damage being the cost of metallicizing her telephone line, to prevent the interference caused by nearness of the defendant's power lines, so as to render her telephone line of use. The defendant demurred to the petition as amended, on the ground that no wrong was alleged against it and that it was not liable to the plaintiff under the allegations of the petition. The court overruled the demurrer, and to this judgment the defendant excepted pendente lite. The court then submitted the case to an auditor, who found in favor of the plaintiff in the sum of $4000. The auditor made certain findings of fact, to which the defendant filed its exceptions. The court entered up a final judgment against the defendant and the surety on its bond in favor of the plaintiff, but did not submit the exceptions of fact to a jury. The defendant power company and the surety excepted to this final judgment. *Held:*

1. The action became one at law, when the court failed to grant the temporary injunction asked for by the plaintiff and no exception was taken thereto, there being no other equitable features in the case. *Martin* v. *Deaton,* 172 *Ga.* 557 (158 S. E. 331). This being so, when the case was submitted to the auditor it was a law case. "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact." Civil Code (1910), § 5141. The court has no right to strike the exceptions of fact and enter up a judgment without a verdict of a jury. *Guarantee Trust Co.* v. *Dickson,* 23 *Ga. App.* 720 (99 S. E. 313). On account of the error of the court in failing to submit the exceptions of fact to a jury, the final judgment in favor of the plaintiff must be reversed. *Gormley* v. *Slicer,* 48 *Ga. App.* 177 (172 S. E. 575).

2. A power company, lawfully maintaining its power lines, constructed according to the standards of modern engineering, on one side of a public highway, is not liable for inductive interference of a telephone line on the other side of the highway, or for the cost of metallicizing the telephone line so as to prevent such interference, where the telephone was a single-wire system, with a return circuit through the ground, which was not in accordance with the standards of modern engineering. Phillipay v. Pacific P. & L. Co., 120 Wash. 581 (207 Pac. 957); Citizens Telephone Co. v. Fort Wayne &c. Co., 53 Ind. App. 230 (100 N. E. 309). In order for the defendant power company to be liable in the premises, the evidence would have to authorize a finding that it wrongfully and negligently constructed its power lines, and, in so doing, injured and damaged plaintiff's telephone system. Plaintiff's petition as amended alleged that the acts of the defendant in placing its lines so close to the telephone line, "without any reason or necessity therefor," was "unjustifiable and unnecessary" and that by reason of such "wilful acts of defendant" she was damaged, and that this damage "could have been

easily avoided by placing said power lines two hundred or more feet away from petitioner's lines without any additional expense to the defendant." In these circumstances, if these allegations were supported by competent evidence, the case was one for submission to a jury, to pass upon the question whether the acts of the defendant were wrongful and negligent, and whether they damaged the plaintiff.

3. The judgment against the surety on the injunction bond was not authorized. *Jordan* v. *Callaway*, 138 *Ga.* 209 (75 S. E. 101).

4. Applying the foregoing ruling, the court erred in rendering the final judgment against the defendants.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 19, 1934.

*Conyers & Gowen,* for plaintiffs in error.
*M. Price, O. C. Darsey,* contra.