## 24257.  GEORGIA POWER COMPANY *v*. PARKER.

DECIDED JULY 23, 1935.

*Conyers & Gowen,* for plaintiff in error.

*M. Price, O. C. Darsey,* contra.

MacIntyre, J.  When this case was formerly before this court, *Georgia Power Co.* v. *Parker,* 48 *Ga. App.* 807 (2) (173 S. E. 730), the court said: "A power company, lawfully maintaining its power lines, constructed according to the standards of modern engineering, on one side of a public highway, is not liable for inductive interference of a telephone line on the other side of the highway, or for the cost of metallicizing the telephone line so as to prevent such interference, where the telephone was a single-wire system, with a return circuit through the ground, which was not in accordance with the standards of modern engineering.  Phillipay *v.* Pacific P. & L. Co., 120 Wash. 581 (207 Pac. 957); Citizens Tel. Co. *v.* Fort Wayne &c. Co., 53 Ind. App. 230 (100 N. E. 309).  In order for the defendant power company to be liable in the premises, the evidence would have to authorize a finding that it wrongfully and negligently constructed its power lines, and, in so doing, injured and damaged plaintiff's telephone system."  The plaintiff in error contends that there are two questions to be determined in this case: "1st, did the evidence warrant or authorize a verdict in favor of the defendant in error, and 2d, if it did, did the finding of the jury so far disregard the charge of the trial court in the case as to show bias and prejudice and that the plaintiff in error did not have an impartial consideration of its rights by the jury."

The plaintiff's superintendent, Parker, who had been such for about twenty years, testified that the telephone line from Ludowici to Glenville was constructed on the old railroad right of way; that only one family lived on this right of way; that a great many families lived on the highway from Ludowici to Glenville and that "if the Georgia Power Company had constructed the power lines on

the highway, it would have affected my telephone system on the railroad right of way between Ludowici and Glenville very little; it [the telephone system] would still be serviceable with the power line on the highway." With reference to the telephone line from Ludowici to Walthourville, the same superintendent testified that "it would have been easier and nearer for the power company to have followed the railroad with their lines from Ludowici to Walthourville or the new highway." He likewise testified that "my lines were about 35 to 40 feet from the Georgia Power lines. They could have been installed farther away from my lines at less expense than where they were installed. They went four miles out of the way to parallel my lines between Ludowici and Hinesville. I mean by saying they went four miles out of their way, that they followed the old Hinesville road about six miles, where they could have went straight down the railroad or the new highway. The power lines left the old highway about six miles from Ludowici, followed the old highway, and then turned straight across to Walthourville. It is about six miles from there to where the power line leaves the old Hinesville road; it is about 3 or 4 miles from there to Walthourville. The distance direct from Ludowici to Walthourville from where the power lines began at Ludowici is nearly 8 miles. If the power lines had been constructed in a direct line from Ludowici to Walthourville, that power, when turned on, would not have killed those lines. I said it would have been nearer for the defendant to have run their lines on a direct line from Ludowici to Walthourville than to have followed my lines for six miles and then turned, they would have saved 9 curves also by going down the railroad;" that the Power Company did not serve anybody between Ludowici and Walthourville; and that service had been denied to one person, R. S. Gordon.

An expert witness, Lockett, for the plaintiff, testified that if the power company line had been constructed 250 feet or more from the telephone line, the interference, if any, would have been very slight. As a general proposition the telephone service would be reasonably perfect if the power lines are as much as three or four hundred feet away. The plaintiff seems to contend that the power company followed the plaintiff's lines if they, the plaintiff, went upon routes other than highways, even though it would have been just as near or nearer and less expensive for the power company to

follow the highway, and that when the plaintiff on other routes followed the old highway, the defendant still followed the plaintiff's lines when it could have gone a shorter and a less expensive route along the railroad or the new highway. In short, the plaintiff seemed to claim that if the plaintiff went upon the highway, defendant unnecessarily followed, and if the plaintiff left the highway, the defendant still unnecessarily followed and paralleled the plaintiff's lines a sufficient distance to destroy the use of the telephone system. The defendant says that it followed the telephone line upon the old railroad right of way from Ludowici to Glenville because this was a transmission line and it was usually advantageous to run transmission lines away from the highway, and that the defendant followed the old highway on the Ludowici-Hinesville-Walthourville route because this was a distribution line and it was easier to serve the people along the old highway. The defendant further says that relative to the Ludowici-Hinesville-Walthourville route, the superintendent of the telephone company testified that "the reason I [telephone company] did not build along the railroad and had rather build along the dirt road was because I wanted to serve the people living along the highway and it was easier to serve them by building my lines along that way. The same thing would hold good for the Georgia Power Company, easier to serve the people along the road from here to Hinesville by building the lines that way, but they don't serve anybody between Ludowici and Walthourville. Most of the people living between Ludowici and Hinesville live on the old highway. I don't think they make a practice of serving people along the line, telephone people serve them, but light people don't make a practice of serving them." The testimony of the expert witnesses for the defendant was to the effect that in their opinion it was impossible to tell just what distance away from the telephone lines it would be necessary to construct the power company lines to prevent interference with the former so long as it operated an antiquated single-wire system. It further appears from the evidence that the plaintiff's telephone line had been so located for a great many years, and that before the defendant so constructed its electric line, it was notified that to so place the same alongside the telephone line would injure and interfere with the telephone service.

We can not say that the jury were not authorized to find that

the power company so located its lines as *unnecessarily* to interfere with the telephone system, to the damage of the latter; and that the assailant, the power company, did not exercise, as to location, the right to construct its lines, with proper regard for the rights of the telephone company in that the power company could by the exercise of ordinary care have avoided the injury by locating its line elsewhere without disadvantage to itself and without injury to the plaintiff. Hence, the jury were authorized to find that the acts of the defendant were wrongful and negligent, and under the law of this case, as laid down in *Georgia Power Co.* v. *Parker,* supra, when the case was formerly before this court, the verdict is therefore supported by the evidence. The judge did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Broyles, C. J., disqualified. Guerry, J., concurs.*