28871. FLOYD *v.* OCMULGEE ELECTRIC MEMBERSHIP CORPORATION *et al.*

DECIDED JULY 15, 1941.

308

*A. R. Ross, R. Berner Williams,* for plaintiff.

*Will Ed Smith, W. S. Mann,* for defendant.

STEPHENS, P. J.   (After stating the foregoing facts.)   This is a suit by the owner of a single-wire, ground-circuit, telephone sys-

tem, to recover as damages, for the alleged destruction of the use of her telephone system by the defendants, the cost of "metallicizing" the plaintiff's telephone lines. The plaintiff alleged that the location and operation by the defendants of a high-tension electric-light and power line near her telephone line created "electro-inductive interference" with the telephone line, and caused a "din of buzzes, screeches, noises, and hisses, drowning out conversations and communications over said lines, rendering said telephone lines and system inoperative and useless." A survey of the authorities on the question discloses that in a case involving conflicting uses of electricity a stricter rule is applied where the interference is caused by "conduction" than where the interference is caused by "induction" of electricity to a single wire, ground-circuit, telephone line. This is so for the reason that interference by conduction can be practically eliminated by the proper erection and maintenance of a high-tension electric power line. The term "induction" is here used in the sense of the flow of electricity from one wire to another without actual contact, and through the medium of the atmosphere, and the term "conduction" is used in the sense of the flow of electricity from one wire to another without actual contact, and through the medium of the earth. See Kesbey, Electric Wires, § 214; Deiser, Conflicting Uses of Electricity, 12 et seq.; 23 A. L. R. 1260, note; Dakota Central Telephone Co. v. Spink County Power Co., 42 S. D. 448 (176 N. W. 143); Yamhill County Mutual Telephone Co. v. Yamhill Electric Co., 111 Ore. 57 (224 Pac. 1081, 33 A. L. R. 373).

The question for decision under the pleadings is whether a telephone company using only one wire with the earth as a return circuit, the earlier occupant of a public highway or rural country road, or an electric power and light company, the later occupant, using a high-tension current, shall bear the expense of installing a metallic return circuit in the telephone lines in order to eliminate the "electro-magnetic induction of the telephone lines by the power lines." While interference by conduction may be practically eliminated by the proper erection and maintenance of the power line, this is not true of electro-magnetic induction. As to interference by magnetic induction, which is the transmission of electricity from one electric circuit to another by means of an electric field (see Curtis on Electricity, § 349), no duty rests on the defendants in

the construction and maintenance of the electric power lines to eliminate such interference. Electro-magnetic induction may be practically prevented by a co-ordinate transposition of wires on both the high-tension electric lines and the single-wire telephone lines. This may be accomplished only where the electric circuits on both systems are metallic. Hence the remedy can not be applied to an earth-return telephone line. This is the reason that the courts have generally held that one maintaining under lawful authority a high-tension electric power line along a public road is not liable to the owner of a previously constructed telephone system, rightfully constructed along such road, for the cost of metallicizing the telephone system, which constitutes substituting a metallic return circuit for the earth as formerly used by the single-wire telephone system, which metallicizing is made necessary by electro-magnetic induction from the high-power electric line which interferes with the use of the telephone system by causing a loud buzzing sound over the telephone wires and in the telephones to such an extent as to make it difficult, and often impossible, to hear or understand a voice over the telephone line. The only duty owing by the electric power company to the owner of the telephone system is to properly construct and maintain the high-tension electric power lines. The law is settled in this State, as well as in other jurisdictions both in America and England, that there is no liability for interference with a telephone system, using a single wire with the earth for a return circuit, on account of magnetic induction caused by a high-power electric power line, in the absence of negligence, malice, or unskilfulness on the part of the interfering electric power line or agency. "A power company, lawfully maintaining its power lines, constructed according to the standards of modern engineering, on one side of a public highway, is not liable for inductive interference of a telephone line on the other side of the highway, or for the cost of metallicizing the telephone line so as to prevent such interference, where the telephone was a single-wire system, with a return circuit through the ground, which was not in accordance with the standards of modern engineering. . . In order for the defendant power company to be liable in the premises, the evidence would have to authorize a finding that it wrongfully and negligently constructed its power lines, and in so doing, injured and damaged plaintiff's telephone system."

*Georgia Power Co.* v. *Parker,* 48 *Ga. App.* 807 (2) (173 S. E. 730); *Georgia Power Co.* v. *Parker,* 51 *Ga. App.* 546 (181 S. E. 117). In Citizens Telephone Co. *v.* Fort Wayne &c. Ry. Co., 53 Ind. App. 230 (100 N. E. 309, Ann. Cas. 1916A, 132), the Court of Appeals held that where a telephone company and an electric railway company, operating under city franchises, place their poles and wires on the street, and the current over the telephone wires is interfered with by conduction or induction from the higher voltage current carried over the other company's wires, the railway company is not liable in damages to the telephone company unless it has exceeded its rights, been negligent in its construction, used faulty or improper appliances, or in some way unnecessarily caused injury, even though it might have constructed its railway elsewhere. As stated by that court: "It can not be said that the mere fact that appellee constructed its line of railroad with its high-voltage system of electricity necessary to propel its cars, in close proximity to appellant's wires, on a public highway, when it might have been constructed elsewhere, would of itself constitute an act of negligence on which appellant could base a cause of action."

In the case now before this court the petition fails to show any negligence by the defendants in the construction and maintenance of the high-tension electric power lines. It is not alleged that the defendants used faulty or improper equipment, material, and appliances in the construction and maintenance thereof. Stripped of conclusions, the petition shows only that had the defendant constructed the electric lines elsewhere, and not so near, on and along the same highway right of way, and parallel with the telephone lines, the consequent damage to the telephone line and system would not have resulted. It is alleged that the defendants were informed by plaintiff, before the construction of the electric lines, that to construct and maintain such lines so near to the telephone wires would cause damage to the latter and would injure plaintiff's telephone system, and that thereafter, when the electric lines were being constructed, the plaintiff again informed the defendants that the electric lines were injuring the telephone system. It is also alleged that the electric lines were constructed so as to cross over the telephone wire some nineteen times, and to run within five feet thereof, and it may be inferred from the allegations that the electric lines could have been as easily and economically constructed

far enough from the telephone line to avoid the interference. It also appears that at no additional trouble and expense the electric lines could have been constructed not so near the telephone line, and the same advantages afforded to the patrons of the electric lines, that is, that they could have been just as well served thereby. It is alleged that under the easements granted to the electric association by the legislature the electric lines could have been constructed at a greater distance from the telephone line, and have "accomplished the same end and the purpose of the project." It is alleged that the construction therefore of the electric power lines so close to the telephone line, after the defendants had been warned of the fact that the telephone line would be thereby injured, and when such electric lines could have been constructed at a greater distance from the telephone line without additional expense and trouble, and have served the same purpose, constituted "unnecessary, unjustifiable, wilful, and negligent acts" on the part of the defendants. The facts alleged do not show any wilfully negligent acts on the part of the defendants. It does not appear that the defendants "wrongfully and negligently constructed its power lines." Neither does it appear from the allegations that there was any malice or unskilfulness on the part of the defendants in the construction and maintenance of the electric lines. The allegations of the petition allege a state of facts for application of the general rule that there is no liability for interference with a telephone system, using a single wire with the earth for a return circuit, on account of magnetic inductive interference caused by a high-power electric line, in the absence of negligence, malice, or unskilfulness on the part of the interfering electric power line or agency.

We quote with approval the following from the able opinion rendered by the trial judge, the Hon. D. D. Smith, judge of the city court of Eastman, overruling the motion for new trial: "There is no contention in the petition that the lines are not constructed according to the standards of modern engineering. The sole claim is that they were placed too close to plaintiff's telephone line, and in her petition the plaintiff alleges as a fact as follows: 'That in any event it was necessary to remain 200 feet away from petitioner's lines to avoid the electro-inductive interference with petitioner's telephone lines, in sufficient degree not to destroy her telephone system.' Construing the pleadings most strongly against the pleader

the plaintiff's petition sets forth a cause in which she claims that the defendants would be compelled to construct lines at least 200 feet from her lines in order to save her alleged injury. If this were the case, since it is a matter of common knowledge that farm houses are located on both sides of public highways, it would create a situation where the electric corporation would have to run its lines in some instances in fields and through woodland on one side of the road 200 feet from plaintiff's telephone lines, and then, no doubt, switch to the other side of the highway the same distance from said telephone lines. An examination of the electric membership corporation act does not lead one to believe that was the legislative intent, because in that act the General Assembly in specific terms said that corporations formed thereunder should have the power to use any highway in their operation. If plaintiff's position, as set forth in her petition as amended, was tenable the defendant corporation would be denied the privilege of using the highway as granted by the General Assembly. Their lines would have to be constructed in the neighborhood of 200 feet away from the public highway. So, the only act of negligence or the only wrongful act plaintiff sets forth on the part of the defendant corporation is in establishing its lines within 200 feet of her telephone lines, and the court is of the opinion that with the General Assembly conferring upon the electric corporation the privilege of using the highway, that such use could not be considered as wrongful, or as a negligent act, or as a nuisance."

It follows that the judge did not err in sustaining the general demurrer and dismissing the action. Under the allegations of the petition the maintenance of the defendants' power line does not constitute a nuisance.

*Judgment affirmed. Sutton and Felton, JJ., concur.*