29205. PLANTERS ELECTRIC MEMBERSHIP CORPORA-TION *v.* SAVANNAH VALLEY TELEPHONE COMPANY.

Decided February 17, 1942.

*Milton A. Carlton,* for plaintiff in error. *Sidney Lanier,* contra.

SUTTON, J. Savannah Valley Telephone Company brought an action for damages against Planters Electric Membership Corporation, alleging in substance that it operated a telephone system, a two-metallic line system and a ground system, in and around the section of Screven County known as Millhaven; that the defendant, a corporation engaged in furnishing electric current for light and power, etc., throughout the rural sections of near-by counties, constructed poles, wires, and other equipment along, beside, and across the plaintiff's telephone lines in this section, and along the highways and roads within a distance of fifty feet of such telephone lines in many places, and in other places closer than fifty feet, knowing that such construction would result in the destruction of the usefulness of the plaintiff's telephone system, and that it could have constructed its lines in such a manner as to avoid, by the exercise of ordinary care, the interference which it caused, that is, by constructing its lines at a minimum distance of fifty feet away from the plaintiff's lines at all points; that it would not have cost the defendant anything additional to have constructed its lines a sufficient distance away to have avoided the interference, and that it was its duty to do so; that the defendant energized its lines on or about April 15, 1939, and the current was drawn to the plaintiff's lines by induction, destroying the current carried by its lines and rendering its telephone system useless; that as a result the plaintiff was forced to expend the sum of $1277.13 to place its telephone system in as serviceable a condition as it was previously to such power interference, which sum represents the actual damage sustained by the plaintiff because of the unjustifiable, unnecessary, and wilful acts of the defendant in so placing its lines as to destroy the plaintiff's telephone service.

The defendant filed a general demurrer to the petition as amended, and an answer denying liability and setting up that the alleged damage was due to the plaintiff's defective equipment. The court overruled the demurrer, and the defendant excepted pendente lite. After a trial the jury returned a verdict in favor of the plaintiff. The defendant's motion for new trial was overruled. Error is assigned on the overruling of the demurrer and of the motion for new trial.

Under the act of 1937 (Ga. L. 1937, pp. 644, 647) the defendant had the right "in connection with the acquisition, construction,

improvement, operation, or maintenance of its lines, to use any highway, or any right of way, easement, or other similar property right, owned or held by the State or any political subdivision thereof, subject to reasonable rules and regulations as to safety as may be promulgated by the State Highway Commission, or subject to such reasonable terms and conditions as the governing body of such political subdivision shall determine." Independently of this, the petition did not, under *Floyd* v. *Ocmulgee Electric &c. Cor.*, 65 *Ga. App.* 305 (16 S. E. 2d, 208), set forth a cause of action. The court erred in overruling the defendant's general demurrer; and all proceedings thereafter were nugatory, inasmuch as it was not al-. leged that the defendant acted maliciously or wrongfully in a desire to injure and damage the plaintiff in the construction of its lines, etc., or that the construction was unskillful or was negligently done or maintained.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*