## BARNETT ET AL. v. THE BRYCE FURNACE COMPANY.

[No. 3,755. Filed May 7, 1901. Rehearing denied October 22, 1901. Transfer denied December 12, 1901.]

PLEADING.—*Action to Annul Contract.*—A complaint to cancel a written contract which merely refers to the contract as an exhibit thereto without setting out in the body of the complaint the contract, or substance thereof, is insufficient.

From Fulton Circuit Court; *A. C. Capron*, Judge.

Action by Moses Barnett and others against the Bryce Furnace Company to cancel a contract. From a judgment for defendant on demurrer to complaint, plaintiffs appeal. *Affirmed.*

*G. W. Holman* and *R. C. Stephenson*, for appellants.
*J. H. Bibler*, *I. Conner* and *J. Rowley*, for appellee.

BLACK, J.—The court below sustained a demurrer for want of sufficient facts to the complaint of the appellants against the appellee. In their complaint the appellants sought a judgment annulling a certain written contract alleged to have been entered into by the parties. The contract was not set out in the complaint, nor were its contents therein recited, nor was the substance thereof stated; but the written contract was referred to in the complaint as an exhibit thereto attached; and the form of a written contract is set out in the transcript as an exhibit to the complaint.

The suit was not founded upon the contract, but was a suit to set it aside and adjudge it null and void,—in effect, to cancel it. Therefore the contract could not be properly shown to the court below or to this court by an exhibit to the complaint. Yet the court could not intelligently examine the question as to the validity of the contract without information as to its purport, which the complaint, in the body thereof, did not sufficiently furnish. *Knight* v. *Flatrock, etc., Co.*, 45 Ind. 134; *Johnson* v. *Moore*, 112 Ind. 91; *Price* v. *Bayless*, 131 Ind. 437; *Liggett* v. *Lozier*, 133 Ind. 451; *Wabash, etc., Union* v. *James*, 8 Ind. App. 449.

Judgment affirmed.