## DALY ET AL. *v.* GUBBINS ET AL.

[No. 4,860.   Filed March 14, 1905.]

1. PLEADING.—*Complaint.*—*Paragraphs of.*—Each paragraph of a complaint must be sufficient within itself. p. 87.

2. SAME.—*Complaint.*—*Street Improvement Lien.*—*Foreclosure.*—A complaint for the foreclosure of a street improvement lien, which fails to state that such improvement was based upon the petition of the owners of two-thirds of the whole line of lots, or that such improvement was ordered with the concurrence of two-thirds of the board of trustees of the town, or that any notice of the filing of the engineer's report, or any other notice, was given to the property owners, is not sufficient on demurrer. p. 87.

3. MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Notice.*—*Collateral Attack.*—An assessment made for a street improvement is void and may be collaterally attacked where the lot owners were given no notice of the proposal for making the improvement, or of the filing of the engineer's report, or of the time and place for the hearing of grievances. p. 88.

4. SAME.—*Street Improvements.*—*Assessments.*—*Notice.*—*Statutes.*— An assessment for a street improvement, where the only notice given was for bids for the making of such improvement, is void, since such notice does not provide such owners an opportunity to be heard. p. 88.

5. JUDGMENT.—*Resting on Complaint in Three Paragraphs.*—*Effect of Bad Paragraphs.*—A judgment resting on a complaint in three paragraphs, one good and two bad, can not be upheld where it does not affirmatively appear that the judgment rests upon the good paragraph. p. 89.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by John Gubbins and another against George Daly and another. From a decree for plaintiffs, defendants appeal. *Reversed.*

*Frank Ellis,* for appellants.

*Templer & Templer,* for appellees.

MYERS, J.—This was an action to foreclose a statutory lien against appellants' property abutting on Dill street, in the town of Normal City, on account of an assessment for the improvement of such street. The proceedings for this

improvement were instituted and sought to be made under the provisions of the act of 1889, known as the Barrett law, and its amendments. Acts 1889, p. 237, §4288 *et seq.* Burns 1901. The appellants, as abutting lot owners on the improved part of such street, were assessed, as estimated benefits to their property by such improvement, the sum of $86.34.

The complaint is in three paragraphs. A motion to make the second and third paragraphs more definite and specific was overruled. A demurrer to each paragraph was overruled, and, appellants refusing to plead further, judgment was rendered against them, and in favor of appellees in the sum of $119.85.

Appellants here assign errors challenging the ruling of the court below on the demurrer to each paragraph of the complaint, and in overruling their motion to make the complaint more specific.

1. In this jurisdiction each paragraph of the complaint must stand or fall upon its own averments, and can not be aided by facts alleged in any other paragraph. *Farris* v. *Jones* (1887), 112 Ind. 498; *Silvers* v. *Junction R. Co.* (1873), 43 Ind. 435; *Little* v. *Board, etc.* (1893), 7 Ind. App. 118. The fact that the plaintiff may state a single cause of action in several counts or paragraphs does not change the rule requiring each paragraph to be complete in itself.

2. It appears from each paragraph of the complaint that all that part of Dill street between Riverside avenue and Main street was improved. But there is no averment in the first paragraph to the effect that the improvement mentioned in appellees' complaint was based upon a petition signed by the owners of two-thirds of the whole line of lots, etc., as provided by §4288, *supra;* nor does it appear that the improvement was ordered by the board of trustees, with the concurrence of two-thirds of the members thereof, as provided by §4292 Burns 1901, Acts 1889, p. 237, §5; nor

does it appear that any notice was given of the filing of the engineer's report, as provided by §4294 Burns 1901, Acts 1899, p. 63, §2.    In fact it does not appear that any notice whatever was given the abutting property owners.

3.    Appellees refer us to a number of authorities holding that a decision by the common council upon jurisdictional facts is conclusive against a collateral attack.    This is true, but where the statute provides that some step must be taken, precedent and necessary to give jurisdiction, it must appear that an attempt was made to comply with such statutory requirement.    In the case at bar the petition filed by the property owners, defective as it is, the board of trustees having deemed it sufficient, might be held sufficient as against a collateral attack; but the neglect to give any notice, defective or otherwise, to the abutting lot owners goes to the very foundation of the right of the board of trustees to make the assessment.

The abutting lot owners, before having their property subjected to a lien, were entitled to be heard.    They were entitled to notice of the proposal for making the improvement, and to notice of the filing of the engineer's report, and of the time and place for hearing grievances.    The town's failure to give such notices renders their action charging the property owners with the cost of such improvement void.    The action of the town in this regard being void, it may be collaterally attacked.    *Brown* v. *Central Bermudez Co.* (1904), 162 Ind. 452; *City of Greensburg* v. *Zoller* (1901), 28 Ind. App. 126; *Cleveland, etc., R. Co.* v. *The Edward C. Jones Co.* (1898), 20 Ind. App. 87.

4.    As to the second paragraph of appellees' complaint, the only notice averred is a notice to contractors or persons desiring to bid on making the improvement described in the plans and specifications.    This notice can not be said to take the place of the notice required by §4294, *supra*. Every person whose property is to be burdened with a street assessment must, as a jurisdictional requirement, be given

an opportunity to be heard, before the assessment can legally be placed against his property. In the absence of this opportunity, the order making the assessment is void.

5. For the reasons stated, the first and second paragraphs of the complaint are fatally defective. The defects pointed out in the first and second paragraphs do not appear in the third, but in this paragraph we find no averment of any contract with the appellees to do the work or make the improvement; nor that after the board advertised for bids to do said work the contract was let to any one. If, by resolving all doubts in favor of the third paragraph, it could be held good, the judgment could not thereby be sustained, for the reason that it does not affirmatively appear that the judgment rests solely on this paragraph. . *Wabash R. Co.* v. *Lackey* (1903), 31 Ind. App. 103; *Grand Lodge, etc.,* v. *Hall* (1903), 31 Ind. App. 107; *Cannon* v. *Castleman* (1900), 24 Ind. App. 188.

The court erred in overruling appellants' demurrer to the first and second paragraphs of complaint.

Judgment reversed.