WOOLLEY *v.* INDIANA ASPHALT PAVING COMPANY.

[No. 23,207. Filed October 29, 1918.]

1. APPEAL.—*Record.*—*Briefs.*—Where the sustaining of demurrers to the complaint and the denial of a motion for a new trial are the only errors assigned, and neither of the demurrers, nor the motion for new trial, is set out in the appellant's brief, there is no question presented for review. p. 576.

2. CONSTITUTIONAL LAW.—*Access to Courts.*—*Public Improvement Contract.*—*Right to Question Validity.*—The proviso in §8710 Burns 1914, Acts 1909 p. 412, declaring that the validity of a public improvement contract can be questioned only by a suit to enjoin performance, brought within ten days from the execution of the contract or prior to the commencement of work, is not violative of Art. 1, §12, of the state Constitution. p. 576.

3. STATUTES.—*Validity.*—*Title of Act.*—The title of the Cities and Towns Act of 1905 is broad enough to cover provisions for the making of public improvements and all matters of procedure relative thereto as expressed in §107 (Acts 1909 p. 412, §8710 Burns 1914) of the act. p. 577.

From Monroe Circuit Court; *Robert W. Myers,* Judge.

Action by the Indiana Asphalt Paving Company against Frank R. Woolley. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James B. Wilson,* for appellant.
*John P. O'Donnell* and *Edwin Corr,* for appellee.

SPENCER, J.—Action by appellee to recover the amount of a municipal assessment against real estate owned by appellant on account of the improvement of a public street on which said property abuts. In answer to the complaint ·appellant sought to present certain facts which, it is claimed, are sufficient to establish the insufficiency of the assessment in question. A demurrer to each paragraph of this answer was sustained, and on appellant's refusal to plead further judgment was rendered against him. The rulings on each of the demurrers and on the denial of appellant's motion for a new trial are challenged by this appeal.

Neither of the demurrers nor the motion for a new trial is set out in appellant's brief, either in full or in substance, and the judgment below might be af-

1. firmed on that ground (*Holliday* v. *Anheier* [1910], 174 Ind. 729, 93 N. E. 1; *Pugh* v. *Cleveland, etc., R. Co.* [1915], 184 Ind. 350, 110 N. E. 193), but an examination of the case on its merits leads to the same result.

Appellant expressly concedes that his appeal must be denied if §8710 Burns 1914, Acts 1909 p. 412, is valid in all its parts; but he contends that the fifth pro-

2. viso in that statute is unconstitutional and void for the reasons:    (1) That its subject-matter is not expressed in the title of the act of which it is a part; and (2) that it denies free access to the courts, in violation of Art. 1, §12, of the Bill of Rights in the Con-

stitution of Indiana. This proviso reads: "That in the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any person, except in a suit to enjoin the performance of such contract, instituted by such person within ten days from the execution of said contract or prior to the actual commencement of work thereunder." A similar provision was expressly approved by this court in *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 265, 86 N. E. 321, and we see no reason to depart from the holding in that case. The proviso here in question does not deprive an abutting owner of any substantive relief to which he may be entitled, but it does require that he exercise his rights in such a manner as not to work an injustice on others. As stated in the Martindale case, *supra*, at page 265, its purpose is to prevent "a property owner, who permits a contractor to improve a street, from defeating a recovery for the work because of errors or irregularities which occurred before the time the contract was executed." See, also, *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 221, 89 N. E. 863, and *Anheier* v. *Fowler* (1913), 53 Ind. App. 535, 543, 102 N. E. 108.

Similarly the objection relative to the title of the act in question may be disposed of through a reference to the express decision in *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289, 291, 102 N. E. 132, that the title of the Cities and Towns Act of 1905 (Acts 1905 p. 219), of which §8710, *supra*, is a part, is broad enough to cover provisions for the making of public improvements, and necessarily all matters of procedure which relate thereto.

Judgment affirmed.

NOTE.—Reported in 120 N. E. 597.