GRIGGS *v.* CITY OF VINCENNES ET AL.

[No. 11,195.   Filed March 15, 1922.]

1.  MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Irregu-
    larity in Assessments.—Injunction.—Statutes.*—Where a sewer
    assessment fails expressly to state the amount for the local
    sewer and for the general sewer system, such defect is an
    irregularity for which the property owner has a remedy under
    §§8722, 8724 Burns 1914, Acts 1905 p. 219, §§117, 119; §8723
    Burns 1914, Acts 1911 p. 419; §8725 Burns 1914, Acts 1907
    p. 563, and the collection of the assessments cannot be enjoined
    on account of such irregularity.   p. 22.
2.  MUNICIPAL CORPORATIONS.—*Public Improvements.—Contract
    Exceeding Estimate.—Injunction.—Statutes.*—Where a pro-
    ceeding for the construction of a sewer is not void *ab initio*,
    but the contract exceeds the estimate, contrary to §8722 Burns
    1914, Acts 1905 p. 219, §117, the remedy of the property owner
    is by suit to enjoin brought within ten days from the time the
    contract was executed or prior to the actual commencement of
    the work thereunder, as provided by §8710 Burns 1914, Acts
    1909 p. 412, and a suit to enjoin the collection of the assess-
    ments for such sewer cannot be maintained after the contract
    has been performed.   (*Wilt* v. *Bueter* [1916], 186 Ind. 98,
    distinguished.)   p. 23.
3.  MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Assess-
    ments. — Injunction. — Tender of Amount Legally Due.* — A
    property owner cannot enjoin the collection of a special assess-
    ment to pay for the construction of a sewer because the amount
    of the contract exceeded the estimate, unless he has paid or
    tendered the amount which was legally and properly due from
    him.   p. 25.

From Knox Circuit Court; *Hileary Q. Houghton*, Spe-
cial Judge.

Action by Joseph T Griggs against the city of Vin-

cennes and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*W. A. Cullop,* for appellant.

*Kessinger & Hill, W. M. Alsop* and *Emison & Hoover,* for appellees.

NICHOLS, J.—Action by appellant to enjoin appellees from the collection of $9,754.27 against his forty-four acres of unplatted real estate in the corporate limits of the city of Vincennes, for the construction of a sanitary local and district sewer. A temporary restraining order was issued.

Appellees filed their demurrer to appellant's second amended complaint, mentioned hereinafter as complaint, and the court's ruling in sustaining appellees' demurrer, and in sustaining appellees' motion to dissolve the temporary restraining order, are each assigned as error.

It appears by the complaint that appellant was assessed for the construction aforesaid as follows:

"For Sanitary Sewer....... $91.87;

For District Sewer........ 9,662.40."

Appellant contends that such assessments were illegal and unauthorized by law for the reason that under the statute authorizing such proceedings it is provided that if, from its size and character, such sewer be intended and adapted, not only for use by the abutting property owners along the line of such sewer, but it is also adapted for receiving sewage from collateral drains already constructed, or which may be constructed in the future, then in that case the board shall make a division of the cost of such work, so much of the cost as shall be equivalent to the cost of an adequate local sewer to be taxed against the abutting property owner, and the remainder against the area to be drained in proportion to its area to the whole tract to be drained.

Appellant complains that the assessment was made against his whole tract in a lump sum without determining respectively the amount thereof for the local sewer, and for the general sewer system. If the $91.87 for sanitary sewer does not represent the local sewer assessment, we do not understand it, but at most this is an irregularity which appellant might well have complained of at the proper time and in the statutory way. It is expressly provided by §8725 Burns 1914, Acts 1907 p. 563, that in case of defect in the proceedings, supplementary proceedings may be had to correct or supply the same. Ample provisions are made in the statute, §§8722, 8724 Burns 1914, Acts 1905 p. 219, §§117, 119; §S723 Burns 1914, Acts 1911 p. 419; §8725 Burns 1914, *supra,* inclusive, to present all questions as to the amount of the assessments, or as to defects in the proceedings, and appellant having had his day in court as to these matters may not now complain by way of injunction. *Sims* v. *City of Frankfort* (1881), 79 Ind. 446; *Carmel Nat. Gas., etc., Co.* v. *Small* (1897), 150 Ind. 427, 47 N. E. 11, 50 N. E. 476; *Bass* v. *City of Ft. Wayne* (1890), 121 Ind. 389, 23 N. E. 259.

It is averred in the complaint that the city engineer filed the estimate of the total cost of construction of said work as a part of the preliminary proceedings in the establishment of the same at $57,-776.45, which was adopted by the board of public works as the total cost thereof, and that said amount was never changed or modified by any action of the board. It is further averred that the contract was let to one C. W. Rufus for $57,996.45, plus the value of all lumber left in the trenches at $65 per thousand feet board measure, and that there was paid to said contractor a total of $61,345.69, for which amount appellees were attempting to assess the lands of appellant and others.

It is expressly provided in §8722 Burns 1914, *supra,* that no contract shall be let which shall exceed the estimate. It is clear from the allegations of the complaint that the contract was for an amount in excess of the estimate, and had appellant's action been to enjoin the contract, and commenced within ten days a different question would have been presented. But it is expressly provided in §8710 Burns 1914, Acts 1909 p. 412: "That in the event of the execution of any contract for any public improvement, the validity of such contract shall not subsequently be questioned by any person, except in a suit to enjoin the performance of such contract, instituted by such person within ten days from the execution of such contract or prior to the actual commencement of work thereunder."

That an action such as this cannot be maintained after the statutory ten days and after the work commenced has been determined by this court in the case of *Kellems* v. *Republic Const. Co.* (1921), 77 Ind. App. 18, 131 N. E. 545, where it was averred that contrary to the statute the cost of the improvement was more than 50 per cent. of the aggregate value of the property as it was assessed for taxation, exclusive of improvements. In that case, as in this, the proceedings were not void from the beginning and the court held that where the invalidity of a contract resulted from some irregularity or defect in the proceedings leading up to the letting of the contract, §8710 Burns 1914, *supra,* applies, and that the property owner who desires to take advantage of the irregularity must do so within the ten days' time fixed by the statute, etc.

Appellant relies upon the case of *Wilt* v. *Bueter, Treas.* (1916), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49, but in that case the court held that the provision of §8710 Burns 1914, *supra,* could not be successfully invoked in a suit brought to restrain the collection of the

special assessment, and based upon the ground that the municipality was wholly without statutory authority or color of law in which to proceed in ordering and making improvements and paying for the same by special assessment. The court says that in such a case the proceeding was void *ab initio* and that therefore the statute had no application. In the present case the proceeding was not void *ab initio* and there was authority of law for entering into a contract for the construction of the sewer, though none for entering into a contract in excess of the estimate.

Even if the provisions of §8710 Burns 1914, *supra,* do not apply to cases such as this, still appellant cannot be heard to say that the assessment against 3. his property was wholly void; he was certainly liable for his proportionate share of so much of the contract price as did not exceed the estimate, and before he can seek the aid of injunction he must have paid or tendered the amount which was legally and properly due. This he did not do.

We hold that appellant's complaint does not state a cause of action for the reason that his action was not commenced within ten days after the letting of the contract or before the work commenced, and for the further reason that it does not appear by his complaint that he had tendered to the authorities the amount which was legally and properly due before commencing this action. There was no error in sustaining the demurrer to the complaint.

The judgment is affirmed.