SOUTHERN RAILWAY COMPANY *v.* CITY OF HUNTING-
BURGH ET AL.

KOERNER ET AL. *v.* CITY OF HUNTINGBURGH ET AL.

[Nos. 11,830, 11,904.    Filed March 21, 1924.]

1  MUNICIPAL CORPORATIONS.—*Sewers.—Construction.—Contract for.—Relief from.—Statute.*—Under the provision of §8710 Burns' Supp. 1921, Acts 1921 p. 324, a property owner can only attack the validity of the contract for the construction of a sewer because of irregularities in the preliminary proceedings by action taken within ten days after the execution of the contract.  p. 284.

2  MUNICIPAL CORPORATIONS.— *Sewers.— Construction.— Notice and Hearing.—When Necessary.—Statute.*—Under the provisions of §8722 Burns 1914, Acts 1905 p. 219, when it is proposed to construct a general sewer, which, from its size and character, is intended and adapted for receiving sewage from collateral sewers, then the common council (or board of public works) is required to fix a day for a hearing as to the proper boundaries of the drainage district, and give notice thereof, and a failure to take such action invalidates the assessments for the construction of the sewer, but does not relieve property owners of liability for payment of their just proportion of the cost of the improvement, as supplementary proceedings may be had to correct the omission.  p. 284.

3  MUNICIPAL CORPORATIONS.—*Sewers.—General and Local Combined.—Manner of Assessment.—Statute.*—Where it is proposed to construct a general sewer to receive sewage, not only from abutting property along the line thereof, but from collateral local sewers, there should be established a separate district for each of such collateral sewers, so that the property abutting thereon will be assessed only for the cost of constructing such sewer, and any method of assessment whereby property abutting on one local sewer is assessed for a part of the expense of constructing another, from which it will receive no benefit, is contrary to the provisions of §8723 Burns 1914, Acts 1911 p. 419, and wholly invalid.  p. 286.

Southern R. Co. *v.* City of Huntingburgh—81 Ind. App. 279.

4. MUNICIPAL CORPORATIONS.—*Sewers.—Railroad Property.— Subject to Assessment.*—Real estate owned and used by a railroad company as a right of way for its tracks, sidetracks, etc., is not exempt from assessment for its proportion of benefits from the construction of a sewer, (*Indiana Union Traction Co.* v. *Gough* [1913], 54 Ind. App. 438, distinguished). p. 287.

5. MUNICIPAL CORPORATIONS.—*Sewers.—Assessments.—Manner of Reducing.—Statute.*—If the benefits to any specific property by the construction of a sewer do not equal the assessment against it, or, if there are no benefits whatsoever from the improvement, §8725 Burns' Supp. 1921, Acts 1915 p. 608, provides a method in which appraisers are appointed by the circuit or superior court to determine and fix the proper assessment, if any. p. 287.

6. MUNICIPAL CORPORATIONS.—*Sewers.—Assessments.—Invalidity.—Statute.*—Section 8725 Burns' Supp. 1921, Acts 1915 p. 608, providing for the appointment by the circuit or superior court of appraisers to reassess the benefits to specific property by the construction of a sewer does not preclude the owners of the properties assessed from bringing an action for relief when the whole assessment is invalid. p. 289.

7. MUNICIPAL CORPORATIONS.—*Sewers.—Construction.—Assessments.—Invalidity.—Payment or Tender Unnecessary.*—An action to cancel invalid assessments for the construction of a sewer can be brought without the payment or tender of the amount the property will be benefited by the improvement, for the reason that the whole assessment being invalid, there is nothing legally due as assessments. p. 290.

8. MUNICIPAL CORPORATIONS.—*Sewers.—Construction.—Assessments.—Invalidity.—Estoppel to Contest.*—The fact that property owners stood by and allowed the work of constructing a sewer to progress without objections might estop them from denying the right of the city to construct the improvement and to impose assessments on their real estate for the cost thereof, but it would not estop them from resisting invalid assessments therefor, as objections thereto are in no way inconsistent, with their acquiescence in the construction of the improvement. p. 290.

9. PLEADING.—*Exhibits.—Not Foundation of Pleadings.*—Exhibits filed with a pleading and referred to as a part thereof, which are not the foundation of the pleading, are not to be considered in ruling on a demurrer thereto. p. 290.

10. PLEADING.—*Demurrer.—Facts Pleaded Accepted as True.*—In ruling on a demurrer to a pleading, the facts that are well pleaded must be accepted as true. p. 290.

Southern R. Co. v. City of Hunting'burgh—81 Ind. App. 279.

11. PARTIES.—*Plaintiffs.*—*Numerous.*—Where a plaintiff attempts to prosecute an action in behalf of numerous persons similarly situated, he must designate such other persons by names or class so as to identify them.   p. 291.

12. MUNICIPAL CORPORATIONS.—*Sewers.*—*Construction.*—*Assessments.*—*Invalidity.*—*Parties Plaintiff.*—In an action to set aside and cancel the assessments for the construction of a general sewer system, which included many local sewers, on the ground that the cost of all the local sewers was combined and assessed *pro rata* on all the property abutting on all of such local sewers instead of assessing the cost of constructing each local sewer against the real estate abutting thereon, the owner of property abutting on one of such local sewers could not bring the action on behalf of owners of land abutting on other local sewers, as there would be no common or general interest. p. 291.

From Dubois Circuit Court; *John F. Dillon,* Judge.

Actions by the Southern Railway Company of Indiana and Louis F. Koerner and another against the City of Huntingburgh and others, which were consolidated. From judgments for defendants, the plaintiffs appeal. *Reversed.*

*Alex P. Humphrey, Elwood P. Humphrey, John D. Welman, Bomar Traylor, Leo H. Fisher* and *Eldo W. Wood,* for appellants.

*A. L. Gray,* for appellees.

BATMAN, J.—The above-entitled causes, Nos. 11,830 and 11,904, except in a singular particular hereinafter noted, involve the same questions of law arising from the same state of facts.   On a joint petition of all the parties, the oral arguments requested therein were heard jointly, and the two causes are now consolidated for determination on appeal.   The appellants are the owners of real estate in the city of Huntingburgh, Indiana, against which assessments have been made to pay the cost of a sewer system constructed therein. The appellees in each of said causes are the same, being said city, its mayor, treasurer, members of its common coun-

cil, and the contractor who constructed said system. By said actions appellants seek, on behalf of themselves and others, to have the entire proceeding, and each step taken by said city and its officers for the construction of said sewer system, adjudged to be void; to have the adoption of the assessment roll therefor set aside, and the assessments made thereby declared void and ordered canceled; to enjoin the collection of said assessments against their respective tracts of real estate, and to have their respective titles thereto quieted against the same. The complaint in each of said causes is in a single paragraph, and to each of which appellees filed a demurrer for want of facts. Each of said demurrers was sustained, and in each cause there was a refusal to plead further, and an election to abide the ruling of the court on such demurrers, followed by a judgment in favor of appellees. An appeal is now being prosecuted in each of said causes, based on the adverse rulings stated.

The complaint in each cause, after reciting the various steps taken and acts done by the mayor and common council, and the contractor for the sewer system, in the proceedings therefor, the completion thereof, and the making and adoption of a final assessment roll, makes the following charges, in substance, among others, as the basis of the relief sought: (1) That the preliminary resolution for the construction of said sewer system, and the notice of a hearing thereon, wholly failed to set forth and describe any of the many local sewers, together with their general character, termini, and general course; and that such notice failed to provide for a hearing and determination, as to whether the drainage districts are properly bounded; (2) that the common council of said city has wholly failed and refused to find and determine whether said drainage districts are properly bounded, and to fix and establish

the boundary lines thereof, and has failed to cause an estimate of the total cost of such sewers to be made and filed; (3) that an erroneous method was adopted in making assessments for local sewers in this, that instead of assessing the cost of each separate local sewer against the real estate abutting thereon, the aggregate cost of all such sewers is assessed *pro rata* against all the real estate abutting thereon, thereby assessing the cost of many such sewers against real estate not receiving any benefits therefrom; that, by reason of said erroneous method, the real estate abutting on local sewers, where the soil was free from stone and the trenches therefor could be dug cheaply, was assessed with a portion of the cost of other local sewers, where the soil contained stone, which could only be removed by the expensive process of blasting, thereby costing five times as much per lineal foot for the excavation of the trenches for such sewers as it would have cost had the soil been free from stone; that said erroneous method was followed in making the primary assessment roll for said improvement, and was retained in the final assessment roll adopted by the common council; that the real estate of appellants, assessed for said improvement, abutted on local sewers where no blasting was required in the excavation of the trenches, the same being dug by steam shovel, a far cheaper method, and therefore they have been injured by the adoption of said erroneous method in making said assessments. The complaint in said cause No. 11,830 also alleges that the appellant therein is the owner of eleven tracts or parcels of land (numbered in the complaint from 1 to 11 inclusive and definitely described) which have been assessed for the cost of said improvement; that tracts Nos. 1, 2, 6, 8, 10, and 11 are the right of way and railroad tracks of appellant, and that they include its super-structures, main, side and second tracks, turnouts,

stations, yard layouts, passenger sheds and other improvements on such right of way, all of which property is known and designated in law as "railroad tracks"; that there is no authority in law authorizing said city to assess such property or any part thereof with benefits for the construction of said sewer system; that said pretended assessment against its said property is illegal and void, and constitutes a cloud thereon.

The first charge in the complaints, as stated above, cannot be made the basis of any relief, under the facts alleged, as the time in which appellants might have sought to take advantage thereof, expired ten days after the execution of the contract for the improvement, by reason of a provision in §8710 Burns' Supp. 1921, Acts 1921 p. 324, which was long before this action was instituted. See *Anheier* v. *Fowler* (1913), 53 Ind. App. 535, where a similar provision, found in §265 of the act of 1905 concerning municipal corporations (Acts 1905 p. 404), was held to be applicable in a proceeding for the construction of a sewer. By reason of said provision, we must accept the contract for the improvement, under the facts alleged, as valid, although the assessments, as made, may not be enforceable.

In considering the second charge in the complaints, as stated above, we note that §8722 Burns 1914, Acts 1905 p. 219, provides, that whenever any sewer or drain, from its size and character, shall be intended and adapted, not only for use by owners of abutting property along the line thereof, but is also intended and adapted for receiving sewage from collateral drains already constructed, or which may be constructed in the future, then the common council shall take certain action, and cause certain things to be done, which includes the giving of a notice, and the holding of a hearing, with reference, among other things, to

the proper boundaries of the proposed drainage district. Said section then provides as follows: "If the board shall decide after such hearing that the area or district to be drained is properly bounded, that the special benefits to the property within such district or area, and the benefits, if any, to the said city will be equal to the estimated cost of the improvement as aforesaid, such finding shall be entered of record, and shall be final and conclusive on all parties, and the said resolution shall be confirmed or modified; but if it be decided by the board, after such hearing, that the benefits as aforesaid will not equal such estimated cost, then said board shall proceed no further with such improvement under said resolution." This identical provision was a part of a statute in force in 1902, with reference to the construction of sewers in the city of Indianapolis, and its force and effect were fully considered by the Supreme Court in the case of *Edwards* v. *Cooper* (1907), 168 Ind. 54. In that case, the court held, in effect, that the performance of the acts therein specified were conditions precedent to a valid assessment, using the following language in the course of its opinion: "It does not therefore admit of question that the provisions of the statute concerning the entering of findings as to the bounding of the district, and as to the benefits being equal to the estimated cost, are in the clearest degree mandatory. They, in many instances, constitute the only check which the taxpayer has against the exercise of arbitrary and oppressive powers in those particulars. When a record is presented in which it appears that the board has utterly failed to observe these fundamental requirements, it must be affirmed that there is a want of power to fix an assessment." We conclude that said second charge in the complaints, when taken in connection with the other allegations thereof, if proved, entitles appellants to re-

lief from the assessments in question. It does not follow, however, that they will escape the payment of their just proportion of the cost of said improvement, as §8725 Burns' Supp. 1921, Acts 1915 p. 608, contains the following provision: "In case of such defect, supplementary proceedings of the same general character as those hereinbefore described may be had to correct or supply the same." In the case last cited, the court held that such an enactment was valid and remedial in its nature, and that similar provisions had been held to extend to jurisdictional matters. It thus appears that such omissions, if they are found to exist, may be supplied, to the end that all who have been benefited by the improvement may bear their just share of its cost.

It will be observed that the third charge in the complaints, as stated above, involves the method of making the assessments in question. It is there made

3.   to appear that the cost of the several local sewers was not assessed against the real estate abutting on each respectively, as provided in §8723 Burns 1914, Acts 1911 p. 419, but that all were made to share the burdens of the whole, regardless of the cost of the local sewer adjacent thereto. There is no authority for making such assessments. The evident purpose of the statute is to require all real estate benefited by a sewer to bear its fair share of the cost of the same, and not to assess any real estate with such cost where it receives no benefit therefrom. To this end, the statute requires those charged with the construction of sewers to establish drainage districts in all cases where more than a local sewer is contemplated in an improvement, and to establish separate districts for all connecting sewers intended to receive sewage from other connecting sewers, and contemplates separate proceedings, under the circumstances last stated, so that the cost can

be apportioned, and assessments made, as the statute requires, as held in the case of *Prevo* v. *City of Hammond* (1917), 186 Ind. 612. It is evident, however, that the statement there made regarding separate proceedings should not be so construed as to preclude carrying forward the whole scheme of a sewer improvement at the same time, and under the same resolutions, if the matters relating to the several drainage districts and local sewers are kept so far separate and distinct, that the cost of the various portions of the improvement can be properly apportioned and assessed. The court in the last case cited, in considering the question of assessments for the construction of sewers, said: "A consideration of the statute as a whole shows that the legislature did not intend that any real estate should be assessed to pay any part of the cost of a sewer to be constructed under the act unless such real estate would be benefited directly as abutting property or indirectly by finding an outlet through such sewer." The facts alleged as a basis for said third charge show, that the legislative intent, as thus interpreted, was not carried out in the instant case, but that appellants' real estate, contrary to the provision of said §8723 Burns 1914, *supra,* was assessed for the cost of local sewers on which it did not abut, and from which it, in fact, received no benefit. Such assessments, therefore, are not founded on any provision of the law, but are wholly arbitrary, and in direct violation of its provisions, as clearly stated in the statute, and interpreted in the case last cited. For the reasons stated, they must be held to be, not merely excessive in amount, but wholly invalid, and being such, afford appellants ground for relief.

The special facts appearing in the complaint in cause No. 11,830, as stated above, do not afford the appellant therein any ground for relief in this action. The statute does not exempt real estate

from assessment for sewer construction merely because it is owned by a railroad company, or is used for railroad purposes generally, or in some particular way. On the other hand, all real estate benefited by a district sewer or abutting on a local sewer must bear its full proportion of the cost of construction, provided such proportion does not exceed the benefits. In the instant case, it is made to appear that said appellant owns eleven separate tracts or parcels of real estate in said city, each of which has been assessed for the construction of said sewer system. This is subject to an inference that it has the fee simple title thereto, and not merely an easement therein. It is, in any event, land, whoever owns it, and hence subject to assessment, if benefited. *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289, 102 N. E. 132. If the benefits do not equal the assessments made, or if there are no benefits whatsoever, this affords grounds for a reduction in the amount, or its entire elimination, through the procedure provided by statute, in which appraisers are appointed by the circuit or superior court to determine the matter. In the case of *Indiana Union Traction Co.* v. *Gough* (1913), 54 Ind. App. 438, 102 N. E. 453, this court held that the right, license, privilege or franchise granted by a city to a street railway company to lay and maintain tracks in its streets, and to operate cars thereon for a period of years, including the use therein, in connection therewith, of ties, rails, poles, wires and other tangible property, did not fall within that class of property, which the city is empowered to assess for the construction of sewers. But that case can have no controlling influence here, since the facts as to the character and ownership of the property involved are so widely different as to render the cases readily distinguishable.

Southern R. Co. *v.* City of Huntingburgh—81 Ind. App. 279.

Appellees contend that appellants have mistaken their remedy, if dissatisfied with the assessments made against their real estate, as any relief therefrom to which they may have been entitled, was only available through a petition to the circuit or superior court, thereby instituting a proceeding in which appraisers would have been appointed for a determination of the matter, as provided in §8725 Burns' Supp. 1921, *supra.* We cannot concur in this contention. It is obvious that the sole purpose of such a procedure is to provide a simple, speedy and effective method of determining whether assessments, *otherwise valid,* are excessive, and if so a proper reduction thereof, and not for the purpose of determining whether the assessment, as a whole, is valid or invalid. This is made manifest from the fact that there is no provision for the determination of such an issue in the circuit or superior court where the petition for a review of the assessment may be filed. The powers and duties of such courts are limited to the appointment of appraisers to reassess the benefits, if any there be, accruing to the real estate described in the petition, and to receiving the report thereof, and causing the same to be entered on its records. It follows that if such an action as this may not be maintained, then a property owner would have no remedy, in the event an invalid assessment is made against his real estate, since it is not to be presumed that such appraisers, whose only required qualifications are that they must be "disinterested freeholders", could or should hear and determine the law questions which would necessarily be involved. While authorities on such an obvious proposition appear to be superfluous, we cite the following as supporting our conclusion. *Spence* v. *Milwaukee* (1907), 132 Wis. 669, 113 N. W. 38; *Chicago, etc., R. Co.* v. *Phillips* (1900), 111 Iowa

377, 82 N. W. 787; *Paine, etc., Co.* v. *City of Oshkosh* (1895), 89 Wis. 449, 61 N. W. 1108.

Appellees also contend, that appellants have not shown a right to maintain these actions because they have not alleged that they have paid or tendered

7. the amounts which are legally and properly due as assessments against their property on account of the construction of such sewers. It suffices to say, in answer to this contention, that the assessments, as a whole, being invalid under the facts alleged, leaves nothing legally due as an assessment against appellants' real estate, and hence the rule which appellees seek to apply is unavailing. *Chicago, etc., R. Co.* v. *Phillips, supra.*

Appellees assert that appellants are estopped to deny the validity of the assessments against their respective tracts of real estate, because they stood by and

8. allowed the work to progress without objections. Such fact, if it sufficiently appears by the averments of the complaints, might estop appellants from denying the right of the city to construct the improvement, and to impose assessments on their real estate for the cost thereof, but it would not estop them from resisting invalid assessments therefor, as objections thereto are in no way inconsistent with their acquiescence in the construction of the improvement. Therefore, neither complaint is insufficient because of the alleged estoppel on which appellees rely.

In reaching the conclusions announced we have not considered the numerous exhibits referred to in the complaints, and filed therewith, as, in our opinion,

9, 10. they are not the foundation thereof, and hence constitute no part of the same. *Hazzard* v. *Heacock* (1872), 39 Ind. 172; *Gardner* v. *Fisher* (1882), 87 Ind. 369; *City of Logansport* v. *LaRose* (1884), 99 Ind. 117; *Gum-Elastic, etc., Co.* v. *Mexico, etc., Co.* (1895),

140 Ind. 158, 30 L. R. A. 700; *Barnett* v. *Bryce, etc., Co.* (1901), 28 Ind. App. 88; *Marley* v. *National, etc., Assn.* (1902), 28 Ind. App. 369; *Aldrich* v. *Amiss* (1912), 178 Ind. 303; *Beatty-Nickle Oil Co.* v. *Smethers* (1911), 49 Ind. App. 602; *Harger* v. *Warner* (1916), 185 Ind. 691. It may be that many of the allegations of the complaints which we have accepted as true, as we are required to do in considering appellees' demurrers thereto, may be disproved by the originals of such exhibits if offered in evidence on a trial, but, as to this, we express no opinion, as to do so would be foreign to any question involved in this appeal.

Appellants are seeking to prosecute said causes, not only on behalf of themselves, but also in a representative capacity on behalf of others, by virtue of §270 Burns 1914, §269 R. S. 1881. It is obvious that the complaint in neither of said causes shows any such right. The complaint in said cause No. 11,830 fails to give a sufficient designation of any persons by names or class description as would entitle the appellant therein to prosecute said action in a representative capacity. The complaint in said cause No. 11,904 is deficient in the same respect, although broader in its allegations. It is to be noted that the appellants therein seek to prosecute said action on behalf of 400 property owners other than themselves, but only the names of thirty-nine thereof are given. The alleged common or general interest on which the right to do so is based grows out of the fact that the cost of the construction of *many local sewers* was combined, and assessed *pro rata* on the real estate abutting on all. It is obvious that such fact affords no common or general interest that would warrant an owner of real estate abutting on one of such local sewers in prosecuting an action of this kind on behalf of the owner of real estate abutting on a different local sewer of the many involved.

We say this in view of the fact that, by the provisions of §8723 Burns 1914, *supra,* the abutting real estate on each sewer, purely local, is made to bear the entire burden of its construction, subject to adjustment in cases where the proportionate share assessed against a particular tract exceeds the benefit thereto.    This being true, the owner of real estate abutting on one of the *many local sewers* would have no interest in establishing the fact that the owners of real estate abutting on some other local sewer of the many alleged were injured by reason of their assessments being invalid on account of the unwarranted method used in making the same, which resulted in an injury through an excessive assessment, and, therefore, entitled them to equitable relief.    Since appellants do not allege that the real estate of any one or more of the 400 to which reference is made generally, or of the thirty-nine specifically named, abuts on the same local sewer on which their real estate abuts, they fail to show a right to prosecute said cause on behalf of such other persons in a representative capacity.

For the reasons given, we hold that the complaints state facts sufficient to constitute causes of action in favor of appellants against appellee, which if duly established on a trial thereof, would entitle them to decrees, setting aside said final assessment roll as to them, canceling the pretended assessments made thereby against their real estate, and enjoining their collection, and quieting their respective titles as against said void assessments.    The judgment in each of said causes is therefore reversed, with instructions to the trial court to overrule the demurrer to each of said complaints, and for further proceedings consistent with this opinion.