BANCROFT ET AL. *v.* TOWN OF CHESTERTON ET AL.

[No. 12,308.   Filed March 15, 1927.]

1. MUNICIPAL CORPORATIONS.—*Sewage purification plant and sewer system cannot be ordered as one improvement.*—Since a different method is provided for apportioning assessments for the expense of constructing a plant for the purification of sewage before its discharge into a stream (§8133 Burns 1926) from that provided for constructing sewers (§10566 *et seq.* Burns 1926), a municipality does not have authority to provide for the construction, as one improvement, of such plant and a general sewer system, hence, injunction will lie to prevent the carrying out of any such plan.   p. 7.

2. MUNICIPAL CORPORATIONS.—*Statute concerning construction of sewer by contiguous cities and towns does not authorize construction of trunk and branch sewers as one improvement, nor the inclusion of a sewage purification plant therewith.*—Sections 11156-11165 Burns 1926 provide for the construction of a general sewer for the use of contiguous cities and towns, but the statute does not authorize the construction, as one improvement, of a general sewer system, consisting of a trunk sewer and district or subtrunk sewers, with laterals running out therefrom, as the expense of constructing the various sewers should be assessed in different ways (§10566 *et seq.* Burns 1926) and a sewage purification plant, constructed under the provisions of §8133 Burns 1926, cannot be combined therewith, for the same reason.   p. 8.

3. MUNICIPAL CORPORATIONS.—*Manner of apportioning assessments for constructing district or subtrunk sewers.*—The power to construct separate district or subtrunk sewers, with separate laterals, and to levy assessments against the property benefited thereby, is governed by §10566 *et seq.* Burns 1926, and each separate district or subtrunk sewer, with the laterals connected therewith, should have a separate assessment district, to the end that the property benefited by such district or subtrunk sewer may be properly assessed with its just share of the expense of constructing such sewer and not otherwise.   p. 8.

From LaPorte Circuit Court; *John C. Richter,* Judge.

Suit by Albert Bancroft and others against the town of Chesterton and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.* By the court in banc.

*William J. Whinery, George R. Williams* and *Henry B. Snyder,* for appellants.

*Charles W. Jensen, Grant Crumpacker, William A. McVey* and *Daly & Freund,* for appellees.

THOMPSON, J.—An action by appellants as resident taxpayers in the town of Chesterton, for an injunction against said town and its officers to restrain and enjoin them from the construction of a proposed sewer system.

Appellants filed a complaint in one paragraph, and also a supplemental complaint in one paragraph. Appellees filed answer in two paragraphs. Appellants' demurrer to appellees' second paragraph of answer was overruled, whereupon appellant replied by general denial to appellees' said second paragraph of answer.

Appellants' complaint alleged, in substance, that the town board of Chesterton had exceeded its authority in attempting to build, under the Cities and Towns Law of the State of Indiana, being the act approved March 6, 1905, and its amendments thereto, about August 25, 1922, a sewer system in said town as one improvement, which proposed sewer system would consist of: A sewage disposal plant, a main outlet sewer extending outside the town of Chesterton and within the limits of the contiguous town of Porter, three subtrunk or district sewers with laterals extending out from each, and a pumping station to lift the sewage in one of the subtrunk sewers, having no relation to the sewage in the other two subtrunk sewers.

Appellants contend that the cost of said main trunk sewer, subsewers, etc., cannot rightly be assessed as

one improvement, but that the cost of each subsewer should be assessed as a separate improvement to the district which it serves, and that the main trunk sewer, if for the use of both the towns of Chesterton and Porter, should be assessed against both municipalities, and that the cost of the sewage disposal plant should be assessed against the town of Chesterton.

The case was tried before the judge of the LaPorte Circuit Court, to which court the case had been venued from Porter county. There was a general finding in favor of appellees. Appellants' motion for a new trial was overruled and exceptions were taken. Judgment was then rendered against appellants.

The errors relied upon for reversal are: (1) The overruling of appellants' demurrer to the second paragraph of appellees' answer to the complaint; (2) the overruling of appellants' motion for a new trial.

The record in this case shows that appellees were attempting to carry out, under one project and as one improvement, the construction of the sewers as alleged in the complaint, and also the installation of a purification plant. The record of the several bids shows that there was no separation of the sewers from the purification plant, and advertisements for bids on all the improvements were included in one notice and the entire improvement was attempted to be let and contracted for as one single improvement.

Power to build and assess the cost of the filtration or sewage disposal plant is governed by §8133 Burns 1926 statutes, which requires that the cost of such

1. sewage disposal or purification plant shall be assessed against all of the several parcels of real estate situate within the corporate limits, and to make each assessment in a sum, as great as, but not greater than, the value of the benefits received by each parcel respectively, by reason of the construction of such plant.

The power to construct and assess the cost of the outlet main trunk sewer, located without the corporate limits of the town of Chesterton and within the

2.   corporate limits of the contiguous town of Porter, is governed solely by §§11156-11165 Burns 1926, which statutes provide that the cost of such sewer shall be assessed against the property benefited by such outlet or main trunk sewer in proportion to the benefits actually received; and if such main or outlet sewer is for the use of both of the contiguous, or adjoining, cities or towns, the cost thereof shall be borne by both municipalities.

The power to construct and assess the cost of separate district or subtrunk sewers, with separate laterals, is governed by §10566 Burns 1926, but

3.   each separate district or subtrunk sewer, with laterals, requires a separate assessment district for each subtrunk or district sewer, to the end that the property benefited by each district or subtrunk sewer may be properly assessed as to its just share of the cost, and not otherwise. See *Prevo* v. *City of Hammond* (1917), 186 Ind. 612, 116 N. E. 584; *Southern R. Co.* v. *City of Huntingburgh* (1924), 81 Ind. App. 279, 143 N. E. 294.

In the case of *Pittsburgh, etc., R. Co.* v. *Town of Crown. Point* (1896), 146 Ind. 421, 45 N. E. 587, 35 L. R. A. 684, the court held that a municipal corporation possesses such powers only as are granted by the legislature in express words and those necessarily or fairly implied or incident to the powers expressly granted, and those essential to the declared objects and purposes of the corporation. Any doubt or ambiguity in the terms used by the legislature in granting powers to a municipal corporation is resolved against the corporation. See, also, *City of South Bend* v. *Chicago,*

*etc., R. Co.* (1913), 179 Ind. 455, 101 N. E. 628, Ann. Cas. 1915D 966.

Under the record and the undisputed evidence in this case, the town board of Chesterton was without authority and had no right to include all of the several improvements under one contract, as for instance, each of the bids received contained a separate item as to the amount bid for the construction of the sewage disposal plant, and these amounts range from $10,000 to $28,000, and in the bid accepted by the board, the price of said sewage disposal plant was $12;390, an excess of $2,390 over the lowest bid.

The citizens in the district, corporation or corporations, liable to be assessed for each separate improvement were entitled to have bids on that part of the improvement for the payment of which their property would be assessed.

From what we have said, we hold that the court erred in overruling the demurrer to the second paragraph of answer, and also in overruling the motion for a new trial.

Reversed.

Dausman, J., absent.