PROTT ET AL. *v.* CITY OF GARY ET AL.

[No. 13,873.   Filed March 13, 1931.   Rehearing denied August
13, 1931.   Transfer denied February 2, 1932.]

*Gavit, Hall, Smith & Gavit,* for appellants.

*Roswell B. Johnson, Frederick C. Crumpacker, Edwin H. Friedrich, Jay E. Darlington, Eli F. Seebirt, Lenn J. Oare* and *George W. Omacht,* for appellees.

WOOD, J.—This was an action brought by the appellants to cancel and set aside a certain assessment lien, and to quiet title to real estate, freeing it from the effect of said lien, levied by the board of public works of appellee city of Gary against said real estate for the purpose of defraying its proportion of the cost of construction of a certain sewer within said city. The issues consisted of appellants' amended complaint in one paragraph, to which appellee city of Gary filed an answer in two paragraphs, the first being a general denial, the second alleging facts in estoppel. The appellees, George Pontarelli and Citizens National Bank of South Bend, filed a joint answer in two paragraphs, the first being a general denial, the second alleging facts in estoppel. The appellants filed a reply to each of the second paragraphs of answer respectively of the appellees. Upon the issues thus formed, the cause was submitted to the court for trial. Judgment was rendered against appellants; motion for a new trial was overruled. They have appealed to this court, assigning as error the overruling of their motion for a new trial.

On the trial of the cause, the facts were stipulated between the parties, or consisted of documentary proof, so there is no conflict in the evidence.

It appears from the record that, on March 16, 1925, the board of public works of the city of Gary passed a declaratory resolution providing for the construction of a district sewer within said city, designated as "district sewer number 47"; this resolution defined the boundary lines of the sewer district; it also set out in separate and distinct paragraphs the beginning, course, distance, size and termini of eight lines of sewer, all of which were connected together, forming a system of sewers within said district; the board of public works did not pass any declaratory resolution for the construction of any of the lines of sewer separately, or creating separate districts to be drained by them, except the one resolution above referred to; after the adoption of the declaratory resolution, all proceedings required by the statute for the final accomplishment of the project, up to the time of the letting of the contract for construction, were complied with; notice was given that the board of public works would and it did receive bids for the construction of said system of sewers as one contract; defendant Pontarelli was the successful bidder, and the construction of the system of sewers was awarded to him as one contract; in his bid, and in the contract entered into with the board of public works, there was set out the number of lineal feet, size, material and price of each kind of sewer pipe, also the number, kind and price of manholes required for the construction of the sewer system; the work was completed according to contract; the assessment roll was adopted. Appellants owned land within the sewer district. The construction work on the system of sewers was commenced within one month after the letting of the contract therefor, continued for about one year, and, during that time, was visible from the lands of the ap-

pellants; the board of public works assessed benefits against appellants' land in the sum of $19,170.01; appellants filed a remonstrance against said assessment; this was overruled and appellants appealed to Lake Superior Court Room No. 1, where the assessment was reduced to $13,514.86; appellants did not, within 10 days after the letting of the contract to Pontarelli, or before the actual commencement of the work, bring any proceeding to enjoin the performance of the contract, and never until the bringing of this action questioned the validity of the proceedings; appellants did not sign any agreement waiving irregularities, if any, in the proceedings.

In order to obtain funds with which to prosecute the work under the contract, appellee Pontarelli made loans from his co-appellee, Citizens National Bank of South Bend. For the purpose of securing such loans, he made an assignment of the funds to be received by him under the contract to the bank.

It is the contention of appellants that the board of public works had no authority under the law to provide in one single proceeding for the establishment of a sewer district and for the construction therein of a system of sewers consisting of one main line, and several (in this instance seven) collateral sewers; to let the contract for the construction of all said lines of sewer under one bid, on the whole system as an entirety, without asking for and receiving separate bids on each separate branch thereof; to assess benefits against the property of the appellants for the construction of said sewer system as an entirety, it being an impossibility because of the manner in which the contract was let, to properly allocate the cost of the different branches of the sewer system among the various property owners affected thereby. As supporting their contention the appellants have cited *Prevo* v. *City of Hammond* (1917), 186 Ind. 612, 116 N. E. 584, 117 N. E. 642; *Southern R. Co.* v. *City of*

*Huntingburgh* (1924), 81 Ind. App. 279, 143 N. E. 294; *Bancroft* v. *Town of Chesterton* (1927), 86 Ind. App. 5, 155 N. E. 624; *People* v. *City of Kingston* (1904), 189 N. Y. 66, 81 N. E. 557.

The board of public works of the city of Gary, in the establishment of said sewer district and the construction of the sewer system therein, proceeded under Acts 1905 ch. 129, §117, p. 302, as amended Acts 1911 p. 419, and Acts 1915 p. 608, being §§10566-10569 Burns 1926. Unless said board, in the method pursued by it in accomplishing said improvement, exceeded the authority conferred under the statute, then appellants must fail in this action, since it is a collateral attack upon the proceedings, *McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407, 25 N. E. 540; *Martindale* v. *Town of Rochester* (1908), 171 Ind. 250, 86 N. E. 321; *Johnson* v. *City of Indianapolis* (1910), 174 Ind. 691, 93 N. E. 17; and the stipulated facts show that all necessary steps to acquire jurisdiction in the first instance were fully complied with.

Section 10566 Burns 1926, *supra,* provides that: "Whenever any sewer or drain shall, from its size and character, be intended and adapted not only for use by owners of abutting property along the line thereof, but is also intended and adapted for receiving sewage from collateral drains already constructed or which may be constructed in the future, then the said board of public works shall cause to be prepared a map which will show thereon the exact course of such proposed sewer, *its appurtenances and branches, if any,* (our italics), and which will clearly show by boundary lines the total area or district to be beneficially affected by such sewer and to be assessed for the construction thereof, and shall prepare all necessary profiles, drawings and specifications for such work, which map, profiles, drawings and specifications shall be placed on file in the office of said

board." Also that: "On the day named, all persons owning property within said district who shall appear before said board and so desire shall be fully heard, and may introduce evidence on the questions above set forth. The city engineer shall, on or before the day set for such hearing, file with the board his estimate of the total cost of such work, and no contract shall be let under such resolutions which shall exceed said estimate. If the board shall decide after such hearing that the area or district to be drained is properly bounded, that the special benefits to the property within such district or area, and the benefits, if any, to the said city, will be equal to the estimated cost of the improvement as aforesaid, such finding shall be entered of record, and shall be final and conclusive on all parties, and the said resolution shall be confirmed or modified."

Notice was given by publication of the adoption of the resolution ordering the construction of said sewer, as *"provided in the case of local sewers,"* (our italics), describing the general character of the sewer, its termini, and general course, including all branches, the boundary lines of the district or area to be drained thereby, or assessed therefor, also fixing a date when the board would receive and hear remonstrances from persons interested in or affected by the construction of said sewer, and when it would hear and determine the questions whether the district or area was properly bounded for the purpose of such drainage, whether territory should be added to or excluded from said district, also whether the special benefits to be assessed to the lands within the area, and to the city would be equal to the cost of the improvement. Thus appellants were given an opportunity to appear before the board, and be fully heard, including the right to introduce evidence on the questions under consideration. Appellants did not appear at this hearing. After the hearing, the necessary

findings were made and the preliminary resolution was confirmed. The statute says that this shall be final and conclusive on all parties.

Whether the sewer system, which it was proposed to construct, was a local or district sewer was a question which, under the statute above quoted, had to be decided in the first instance by the board of public works. "That decision having been made is, as against a collateral attack, final." *City of Greensburg* v. *Zoller* (1901), 28 Ind. App. 126, 60 N. E. 1008; *Johnson* v. *City of Indianapolis, supra; Daly* v. *Gubbins* (1905), 35 Ind. App. 86, 73 N. E. 833.

The appellants did not see fit to question the validity of the contract entered into by the board of public works with the appellee Pontarelli, within 10 days thereafter, or before the actual commencement of the work. In their complaint, the appellants seek to attack the validity of this contract, alleging that notices were given, bids were received, and the contract was let for all of the branches of sewer comprehended within said system as one job and one contract, that no bid was received upon any one branch of said sewer separately as a separate contract or job. We do not hold that the method pursued in letting the contract in this case was irregular or invalid in any way, but, if it was, appellants are estopped to attack same collaterally in this action. Acts 1905 p. 219, §118, as amended Acts 1921 p. 324, §10440 Burns 1926; *Anheier* v. *Fowler* (1913), 53 Ind. App. 535, 102 N. E. 108; *Griggs* v. *City of Vincennes* (1922), 78 Ind. App. 21, 134 N. E. 503; *Peck* v. *Wm. M. Birch Co.* (1923), 80 Ind. App. 58, 139 N. E. 696.

Section 10568 Burns 1926, *supra,* sets out specifically and in detail the method to be pursued in making assessments on land for the construction of district sewers. The officials are presumed to have followed the law in

making the assessments against appellants' property. There are no facts in the record from which this court would be justified in concluding otherwise. After the sewer system was fully constructed and accepted by the board of public works, a preliminary assessment roll was prepared and notice of hearing on such assessments was given and held. Appellants appeared at this hearing and remonstrated against the assessment on their property with results as heretofore stated.

The estimate for the construction of the sewer, the contract and the assessment roll, contained a detailed statement of the cost per foot, of each size of sewer pipe, the number of feet, also the price per unit of each kind of manhole, and the number of each, so it is reasonable to conclude that the board of public works had the necessary information, from which it could allocate the cost of each portion of said sewer, including main line and branches, among the property owners within the sewer district as provided by the section of the statute above referred to. We are justified in assuming under the stipulated facts that the officers followed the plain provisions of the law and allocated the cost of the construction of said sewer as therein provided. "It is thoroughly settled that on collateral attack irregularities will not make void the proceeding and the contract for the improvement of a street, and this has been extended to the irregularities in what has been termed the acquiring of jurisdiction." *Martindale* v. *Town of Rochester, supra*. The same rule has been applied by this court in making assessments for the construction of district sewers. *Griggs* v. *City of Vincennes, supra*.

It required about a year to construct this sewer. The work was visible from appellants' property; they stood by during the entire time, with full knowledge that the

improvement was being made, that their land ▮ was located within the sewer district and would undoubtedly be assessed benefits by reason of said improvement, still they did not see fit to question the validity of the proceeding or the assessment in any manner whatsoever until they brought this action. " 'It is a general rule, now fully accepted in this State, that where the owner of property subject to assessment for public improvements stands by and makes no objection to such improvements which benefit his property, he may not deny the authority by which the improvements are. made, nor defeat the assessment made against his property for the benefits derived. And this is true, both where the proceeding for the improvement are attacked for irregularity, and where the validity is denied, but color of law exists for the proceedings.' " This rule stands in such high favor with the courts that it has been held to apply where the improvement proceedings were had under an unconstitutional law or a law that had been repealed. *Martindale* v. *Town of Rochester, supra,* and many authorities there cited, *Phillips* v. *Kankakee Reclamation Co.* (1912), 178 Ind. 31, 98 N. E. 804, Ann. Cas. 1915C 56; *Wilt* v. *Bueter* (1916), 186 Ind. 98, 111 N. E. 926, 115 N. E. 49; *Woolley* v. *Indiana Asphalt Pav. Co.* (1918), 187 Ind. 575, 120 N. E. 579.

The case of *Prevo* v. *City of Hammond, supra,* is not applicable to the facts in this case. There the city was attempting to establish a sewer district upon the north and south sides of the Grand Calumet River with a pumping station to serve both districts. The territories to be drained by the two main sewers and their branches were in no way situated so that the sewers furnished drainage to the entire territory comprehended within the district; the Supreme Court, on rehearing, saying: "The fact that the two districts are separated by a river is not decisive or material. The material thing is that the

territory lying south of the pumping station will not be drained through or benefited by any of the sewers to be constructed in the territory lying north of the pumping station, and *vice versa*. The opinion holds that when two main sewers are to be constructed, which with their tributary sewers will drain two separate and distinct districts of a city, that a separate drainage district must be formed for each, and that the sewers contemplated by the proceeding in each district must be let and constructed under separate contracts so that the cost of the construction of the sewers in each district may be ascertained and kept separate from the cost of sewers to be constructed in the other district, to the end that the lots and parcels of land in each district may be assessed with the cost of the sewers only which drain the district and benefit the lands located therein."

It is also worthy of note that in said case suit was brought before actual construction had commenced. In this case, the board of public works found, and the record shows, that the system of sewers furnishes drainage to the entire district.

In *Southern R. Co.* v. *City of Huntingburgh, supra,* this court held that the facts alleged in the complaint submitted for its consideration were sufficient, if proved, to entitle the appellants to relief, but the facts in that case and the present one are so different that it cannot be accepted as determining the rights of the parties here.

In the case of *Bancroft* v. *Town of Chesterton, supra, the action was instituted before the construction of the improvement,* which contemplated the building of a single filtration plant, pumping station, main outlet sewer, extending outside of the town of Chesterton, and within the corporate limits of the town of Porter, and three district sewers, having no relation to each other, all in one proceeding. The court held that the improve-

ment could not be carried on in this manner. The facts and circumstances are so much at variance with those in the instant case that the opinion of the court there cannot be regarded as having any controlling weight here.

Judgment affirmed.

Curtis, J., not participating.